23 F.3d 1352
 UNITED STATES of America, Plaintiff-Appellee,
v.
EIGHTY-SEVEN THOUSAND SIXTY DOLLARS ($87,060.00); Jewelry
Valued at Seventeen Thousand Three Hundred and
Fifty Dollars, ($17,350.00), Defendant,
Herman McGee, Claimaint-Appellant,
Barbara McGee; Maxine Catching, Claimants.
UNITED STATES of America, Plaintiff-Appellee,
v.
EIGHTY-SEVEN THOUSAND SIXTY DOLLARS ($87,060.00); Jewelry
Valued at Seventeen Thousand Three Hundred and
Fifty Dollars, ($17,350.00), Defendant,
Herman McGee, Claimant,
Barbara McGee, Claimant-Appellant,
Maxine Catching, Claimant.
UNITED STATES of America, Plaintiff-Appellee,
v.
EIGHTY-SEVEN THOUSAND SIXTY DOLLARS ($87,060.00); Jewelry
Valued at Seventeen Thousand Three Hundred and
Fifty Dollars, ($17,350.00), Defendant,
Herman McGee, Barbara McGee, Claimants,
Maxine Catching, Claimant-Appellant.
 Nos. 93-2109, 93-2596 and 93-2597.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 7, 1994.
Decided May 5, 1994.
 
 Appellant, pro se.
 Daniel E. Meuleman, Asst. U.S. Atty., St. Louis, MO, for appellee.
 Before McMILLIAN, MAGILL and BEAM, Circuit Judges.
 McMILLIAN, Circuit Judge.
 
 
 1
 In these consolidated appeals, Herman McGee, Barbara McGee, and Maxine Catching (claimants) appeal pro se from the final order entered in the District Court[1] for the Eastern District of Missouri, granting judgment in favor of the United States after a bench trial in this forfeiture action under 21 U.S.C. Sec. 881(a)(6) (1988). For reversal, claimants argue the government failed to prove a connection between the money and a drug offense, claimants Barbara McGee and Catching were innocent owners, and Herman McGee's unlawful detention violated his Fourth Amendment rights. For the reasons discussed below, we affirm.
 
 
 2
 In April 1991, the United States filed a verified complaint of civil forfeiture of $87,060[2] on the ground that the money was furnished or intended to be furnished in exchange for controlled substances in violation of Title 21, United States Code, thereby subjecting the money to forfeiture under 21 U.S.C. Sec. 881(a)(6). The government alleged that $30,550 was seized from Herman McGee's residence during the execution of a search warrant, and the remaining $56,510 was seized from a safe deposit box rented by McGee. McGee was convicted of conspiring to distribute and possess with intent to distribute cocaine from 1988 through 1990. Each claimant filed a claim of ownership of the property.
 
 
 3
 After a bench trial, the district court found that, at the time of the seizure of money, Herman McGee had been involved in a large-scale cocaine distribution conspiracy, that McGee made ten visits to safe deposit box # 954 in 1989 and 1990, and that the bundles of currency in the safe deposit box were wrapped similarly to the bundles found in McGee's home. Thus, the district court held that there clearly existed probable cause to conclude that the money found in safe deposit box # 954 and in the McGee home were proceeds from Herman McGee's cocaine dealing, and that claimants did not prove by a preponderance of evidence that the government's allegations were incorrect. Although the McGees received loan proceeds in 1989, Barbara McGee did not know the source of the money found in her home and money was packaged with a receipt made out to McGee's coconspirator. Catching testified that she saved $56,000 in safe deposit box # 2175, to which Herman McGee did not have access, but the money was found in box # 954, which he visited frequently. The district court granted judgment to the government.
 
 
 4
 On appeal claimants argue that the district court erred in denying claimants' motion for judgment as a matter of law because the government failed to assert in the complaint or prove at trial a connection between the money seized and drug sales, that the evidence was clear that the $56,000 was found in a three-inch high safe deposit box jointly and innocently owned by Catching and Barbara McGee, and that the warrantless arrest of Herman McGee was not supported by probable cause.
 
 
 5
 Rule E(2)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims requires in rem forfeiture complaints to be stated with "such particularity that ... the claimant will be able ... to commence an investigation of the facts and frame a responsive pleading." See 21 U.S.C. Sec. 881(b). The complaint need not meet the ultimate trial burden of showing probable cause for forfeiture; it simply must establish a "reasonable belief that the government can show probable cause for forfeiture at trial." United States v. U.S. Currency, in the Amount of $150,660.00, 980 F.2d 1200, 1204-05 (8th Cir.1992). The verified complaint stated that in March 1990 the defendant currency was seized from Herman McGee's residence and from a safe deposit box rented by McGee, and that McGee was convicted of conspiring to distribute large quantities of cocaine from 1988 through 1990. Because of the location of the money and McGee's control over its access, these minimal facts sufficiently apprised claimants of the basis for the forfeiture action and allowed them to respond by contesting the source and ownership of the money.
 
 
 6
 At trial, the government bears the initial burden of proving probable cause to connect the property to some form of criminal wrongdoing. United States v. Ninety One Thousand Nine Hundred Sixty Dollars, 897 F.2d 1457, 1462 (8th Cir.1990). Circumstantial evidence may be considered and the government need not trace the property to a specific drug transaction. Id. We must uphold the district court's findings of probable cause unless they are clearly erroneous. United States v. Thirteen Thousand Dollars in United States Currency, 733 F.2d 581, 584 (8th Cir.1984). We have carefully reviewed the record, including the trial transcript, and do not believe that the district court's findings are clearly erroneous.
 
 
 7
 Once the government establishes probable cause, the burden shifts to the claimant to show that the property was not connected to a crime. Id. Although Catching and Barbara McGee assert that the $56,000 was found in box # 2175, not # 954, because box # 2175 was only three inches high and a photograph exhibit showed the money stuffed to the rim of a safe deposit box, such evidence does not render the district court's findings clearly erroneous. There was no evidence that the money was piled in the box in only a single layer, officers testified that each box was opened and inventoried separately, Catching's placement of money in a safe deposit box when she knew about interest-bearing accounts is questionable, and the bundles of money found in the safe deposit box were wrapped similarly to the bundles found in McGee's home. In addition, Barbara McGee's ignorance as to the source of the cash contradicted her contention that the money in the house came from loan proceeds. Accordingly, the district court did not err in concluding that the claimants failed to prove a defense to the forfeiture by a preponderance of evidence. Finally, McGee's arguments regarding his arrest are not proper in this in rem proceeding.
 
 
 8
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 A claim against jewelry, valued at $17,350, was dismissed at trial, and the jewelry was returned to claimants