**STATE of North Dakota, Plaintiff and Appellant,**

v.

**ONE 1990 CHEVROLET PICKUP, VIN 1GCDK14K8LZ185153, Defendant and Appellee.**

Civ. No. 940066.

Supreme Court of North Dakota.

Oct. 27, 1994.

Sidney J. Hertz Fiergola (argued), Sp. Asst. Atty. Gen., Maple Grove, for plaintiff and appellant.

Ella Van Berkom Law Firm, Minot, for defendant and appellee; argued by Ella Van Berkom.

MESCHKE, Justice.

The State of North Dakota appealed from a judgment returning one 1990 black Chevrolet pickup to James Horsfall, holding it was not forfeitable because he had not been convicted of a felony. We reverse and remand for the trial court to weigh the evidence correctly.

Horsfall drove his pickup to a friend's home in Minot, located across the street from a house being remodeled. Horsfall and four companions went inside the unoccupied house across the street and removed some stereo equipment. The stereo items were placed in Horsfall's pickup with his assistance, and he took the items to his apartment. The next morning, after learning that the police were investigating, Horsfall delivered the stolen items to the police station and gave the police a full statement.

The State seized Horsfall's pickup and sued to forfeit it, claiming that under NDCC 29–31.1–01(1) [1] the pickup was used either to facilitate the commission of a crime or to transport property in a felony. Horsfall was charged with felony burglary, but he later pled guilty to misdemeanor theft.

After trial of the forfeiture case without a jury, the trial court interpreted the forfeiture statute under the general rule that "[t]he specific controls over the general" and, con-

---

1. The text of NDCC 29–31.1–01(1) says:

"Forfeitable property" means any of the following:

a. Property that is illegally possessed or is contraband.

b. Property that has been used or is intended to be used to facilitate the commission of a criminal offense or to avoid detection or apprehension of a person committing a criminal offense. For purposes of this subdivision, property does not include a residence or other real estate where a coowner, whether by joint tenancy, tenancy in common, or tenancy by the entireties, of the residence or other real estate, has not been convicted of the criminal offense

that was facilitated by the use or intended use of the property.

c. Property that is acquired as or from the proceeds of a criminal offense.

d. Property offered or given to another as an inducement for the commission of a criminal offense.

e. A vehicle or other means of transportation used in the commission of a felony, the escape from the scene of the commission of a felony, or in the transportation of property that is the subject matter of a felony.

f. Personal property used in the theft of livestock or the transportation of stolen livestock.

struing subsections (b) and (e) of NDCC 29–31.1–01(1), ruled that "[t]he State cannot interchangeably use the terminology 'vehicle' with that of 'property,'" so that a vehicle could not be forfeited for facilitating a misdemeanor, but only for use in a felony. The court reasoned that "[h]ad this case progressed as a felony and been resolved as a felony, there is no question the vehicle in this case would have been forfeitable property." The court concluded that Horsfall's pickup must be returned to him.

The State argues on appeal that the trial court erred in denying forfeiture because there was sufficient evidence to forfeit the pickup on either ground, use to facilitate misdemeanor theft or to transport property in felony burglary. Specifically, the State argues that the trial court misconstrued the forfeiture law, and that the pickup could be forfeited without a criminal conviction.

I

The State argues that Horsfall's pickup may be forfeited either under subsection (b) as property "used to facilitate the commission of a criminal offense," or under subsection (e) as a vehicle "used in the commission of a felony" or "in the transportation of property that is the subject matter of a felony." NDCC 29–31.1–01(1). We conclude that the trial court correctly rejected the general category and applied the specific category for forfeiture of a vehicle.

The State would read NDCC 29–31.1–01(1)(b) broadly to allow forfeiture of any property used to aid commission of any crime, whether the property was real or personal, and whether the crime was a misdemeanor or a felony. In effect, the State says that subsection (e), allowing forfeiture of a vehicle only for use in a felony, is surplusage. That seems an odd result, because then a

forfeiture would seldom be sought for the felony grade of any offense, but would regularly be sought for a lesser related misdemeanor.[2]

▇▇▇ "The interpretation of a statute is a question of law that is fully reviewable on appeal." *Matter of Contempt of Grajedas,* 515 N.W.2d 444, 451 (N.D.1994). We begin with the statutory language, and give those words "their plain, ordinary, and commonly understood meaning." *Stewart v. Ryan,* 520 N.W.2d 39, 45 (N.D.1994). Yet, when a statute is ambiguous, as here, NDCC 1–02–39 tells us to look beyond the express language to the purpose of the statute, to the circumstances of its enactment, and to its legislative history.

Subsection (e) on forfeiting a vehicle used in a felony dates from 1941, when NDCC ch. 29–31 was first enacted. 1941 N.D.Laws, ch. 144, § 1. Subsection (b) on forfeiting property used to facilitate any criminal offense was added fifty years later in 1991, when former ch. 29–31 was repealed and new ch. 29–31.1 replaced it. 1991 N.D.Laws, ch. 346. The legislative history is unhelpful on how (b) and (e) are to be construed in relation to each other.

▇▇▇ Unless the statutory context otherwise requires, "property" generally means both real and personal property. NDCC 1–01–49(7). Therefore, ordinarily, the property designated in subsection (b) would include both personal and real property, despite Horsfall's attempt to imply that (b) only covers real property because its second sentence references a "residence or other real estate." But this case does not call for decision on the full scope of property forfeitable under subsection (b). Rather, the question here is whether the general category of personal property in subsection (b) overlaps the spe-

---

**2.** 21 AmJur2d *Criminal Law* § 29 on "Felony and misdemeanor compared and distinguished," (1981) (footnotes omitted):

At early common law no crime was considered a felony if it did not occasion a total forfeiture of the offender's land or goods, or both. Of course, by this standard, there would no longer be any felonies, but the term continues in use as a designation for the more serious class of crimes. In the case of misdemeanors, there

was at common law either no forfeiture at all or a much more limited one. While, at common law, the difference in punishment between felonies and misdemeanors was very great, under federal statutes, the difference is much less important, and Congress may exercise a relatively wide discretion in classifying particular offenses as felonies or misdemeanors.

cific category of vehicles stated in subsection (e).

■ The entire statute is intended to be effective. NDCC 1–02–38(2). When several sections or subsections relate to the same subject, we should give meaningful effect to each without making one or the other useless. *Hospital Services, Inc. v. Brackey*, 283 N.W.2d 174, 177 (N.D.1979). Moreover, because NDCC 1–02–38(3) instructs us that a just and reasonable result is intended, we try to avoid an absurd or unjust result.

■ Subsection (b), property used to facilitate a crime, and subsection (e), a vehicle used in a felony, must be construed together to give meaning to both. A general provision and a special provision in the same statute "must be construed, if possible, so that effect may be given to both provisions." NDCC 1–02–07. If we assign the broad meaning urged by the State to "[p]roperty ... used ... to facilitate the commission of a criminal offense," so as to include a vehicle among other personal property used to aid a crime of any kind, a misdemeanor or a felony, then subsection (e) becomes redundant and ineffective. *See State v. Hogie*, 424 N.W.2d 630, 633–35 (N.D.1988) (theft of auto chargeable only as class C felony under specific auto-theft statute, not as a class B felony under general theft statute for property exceeding ten thousand dollars in value). *See also State v. Ronngren*, 356 N.W.2d 903, 905 (N.D.1984) ("Forfeitures are not favored."). We conclude that the general ground for forfeiting property used to facilitate a crime does not apply to a vehicle; a vehicle can be forfeited only for the specified reason of use in a felony.

We hold that the trial court correctly interpreted the statute in holding that the specific subsection controls forfeiture of a vehicle.

## II

The State submits that, under NDCC 29–31.1–04, conviction of a crime is not necessary for forfeiture of property used in that crime, and that the trial court erred in holding that, because there was no felony conviction, forfeiture of the pickup was precluded. We agree.

■ The law directs that "[f]orfeiture is a civil proceeding not dependent upon a prosecution for, or conviction of, a criminal offense and forfeiture proceedings are separate and distinct from any related criminal action." NDCC 29–31.1–04(1). This is a logical consequence of the differences in the burdens of proof for conviction of a crime and for forfeiture of property connected with that crime. The burden of proof for a crime is beyond a reasonable doubt. NDCC 12.1–01–03(1). The burden of proof for forfeiture of property connected to a crime is a preponderance of the evidence. NDCC 19–03.1–36.2. Therefore, neither a criminal charge nor a criminal conviction of a felony is a prerequisite to civil forfeiture of the vehicle used in that felony.

■ The trial court did not heed the direction of NDCC 29–31.1–04(1) in reasoning that the pickup would be forfeitable only if Horsfall's criminal "case [had been] progressed as a felony and [had] been resolved as a felony." It was clear error for the trial court to deny forfeiture because Horsfall had not been convicted of a felony.

## III

The fact that Horsfall was convicted of a misdemeanor, not a felony, is not controlling. However, the reduced grade of the underlying offense can be evidence bearing on the factual findings to be made for the forfeiture. We realize that this may have been the trial court's intention in its first decision, but if so, that reason was not so stated for its decision. The trial court remains free to consider all the evidence on remand. Moreover, the court's factual finding on probable cause for the seizure does not dictate the dispositional finding, but it too becomes part of all the evidence to be assessed for the concluding and dispositional stage of the forfeiture. We explain here the stages of decision to be made on remand.

■ "Forfeiture proceedings ... must be conducted in accordance with the procedures established for the forfeiture of property in sections 19–03.1–36.1 through

19–03.1–36.7." NDCC 29–31.1–04(2).[3] Sections 19–03.1–36.1 through –36.7 are part of the Uniform Controlled Substances Act applicable to forfeitures and, by reference, they control forfeitures for other criminal conduct as well. Section 19–03.1–36.2 says: "Forfeiture proceedings are civil actions against the property to be forfeited and the standard of proof is a preponderance of the evidence."

In a contested forfeiture, "the state shall establish probable cause for instituting the forfeiture action following which any owner or person with a legal interest in the property to be forfeited who has filed an answer to the complaint has the burden of proving that the property to be forfeited is not subject to forfeiture under this chapter." NDCC 19–03.1–36.6 (part). *See State v. Ronngren*, 356 N.W.2d 903, 906 (N.D.1984) ("after the state has demonstrated that the [property] is connected to the offense (prima facie), the defendant has the burden to show what portion of the [property] seized was not related to the violation," but "the state must prove its right to the property by a preponderance of evidence, not beyond a reasonable doubt"). These stages of proof must be distinctly weighed and decided in every forfeiture trial.

▇▇▇▇ The seizure of property for forfeiture without probable cause violates the Fourth Amendment guarantee against unreasonable seizures. *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965). If seized without probable cause, the property is subject to the exclusionary rule of evidence and, unless the item is contraband per se, it must be returned to the owner. *Id. See also Soldal v. Cook County, Ill.*, —— U.S. ——, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992). "The seizure of property by an officer ... is permissible if there is 'probable cause to associate the property with criminal activity.'" *State v. Gelvin*, 318 N.W.2d 302, 307 (N.D.1982), quoting *Payton v. New York*, 445 U.S. 573, 587, 100 S.Ct. 1371, 1380, 63 L.Ed.2d 639 (1980). Probable cause is only a minimal, threshold burden. *Healy v. Healy*, 397 N.W.2d 71, 73 (N.D.1986). This burden requires the State to establish only that reasonable grounds exist to believe that the property was "probably connected with criminal activity." *State v. Rydberg*, 519 N.W.2d 306, 308 (N.D.1994), quoting *State v. Ringquist*, 433 N.W.2d 207, 212 (N.D.1988). This level of proof is greater than mere suspicion, but is less than that needed to convict for the suspected crime. *State v. Lind*, 322 N.W.2d 826, 834 (N.D.1982). If the State has not proved that there was probable cause to seize Horsfall's pickup for

---

**3.** The procedures for forfeitures under North Dakota law parallel procedures under federal forfeiture law in many respects. Much like NDCC 29–31.1–04(2) directs that forfeitures be conducted in accordance with NDCC 19–03.1–36.1 to –36.7 in the Uniform Controlled Substances Act, forfeitures under 21 U.S.C. 881, the forfeiture section of the federal drug laws, are directed to be conducted in accordance with 19 U.S.C. 1615, the procedural section of the federal customs laws dealing with forfeitures. 21 U.S.C. 881(d) (1988). In direct parallel with North Dakota law, applicable federal law directs that the government first must show probable cause to institute forfeiture proceedings and then the burden shifts to the claimant. 19 U.S.C. 1615 (1988). *See United States v. $87,060.00*, 23 F.3d 1352, 1354 (8th Cir.1994) (outlining this procedure for forfeiture action under 21 U.S.C. 881). Although state and federal law are much alike for conducting the forfeiture hearing, it should be noted that not all federal forfeiture procedures parallel state procedures. *See State v. One Black 1989 Cadillac*, 522 N.W.2d 457, 467–68 (N.D. 1994) (Meschke, Justice, concurring) (administrative procedures for return of seized property in federal law not available in state scheme).

Additionally, new constitutional wrinkles have recently appeared in the federal forfeiture fabric, and may change the way forfeitures will be patterned. The United States Supreme Court has held that a substantial forfeiture of property by a federal court may constitute an "excessive fine" prohibited by the Eighth Amendment when the forfeiture is ordered in conjunction with a prison term and a substantial fine. *Alexander v. United States*, —— U.S. ——, —— ———, 113 S.Ct. 2766, 2775–76, 125 L.Ed.2d 441 (1993). *See also Austin v. United States*, —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993); *United States v. One Parcel of Real Property, Located at 9638 Chicago Heights, St. Louis, Missouri*, 27 F.3d 327 (8th Cir.1994). Also, *Department of Revenue of Montana v. Kurth Ranch*, —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994) held that a tax imposed under Montana's Dangerous Drug Act constituted punishment for double jeopardy analysis. In Horsfall's brief, the forfeiture of his pickup truck was characterized as "burdensome," "unreasonable," and "constitut[ing] enhanced, excessive punishment," but no constitutional arguments were made.

use in a felony, the case is over, and the pickup must be returned. *See State v. Huether*, 453 N.W.2d 778, 783 (N.D.1990) (evidence seized without probable cause must be suppressed). But this is only the first stage of proof that the trial court must decide in a forfeiture case.

If probable cause for seizure is proven, the trial court still must go to the second stage and weigh the evidence under a preponderance standard to determine whether to forfeit the pickup. Thus, if Horsfall proved that it was more probable that his pickup was only used in a misdemeanor, and not in a felony, then the trial court should deny forfeiture and return the pickup to him.

There was evidence, if believed, to find probable cause that the pickup was used in a felony for seizure, as well as to find by a preponderance of evidence that the pickup was actually used in a felony. Horsfall admitted to entering the residence, to removing the stereo items, and to loading them into his pickup. *See* NDCC 12.1–22–02 on burglary as a felony if the actor "willfully enters or surreptitiously remains in a building or occupied structure." Officer Barnard gave his "opinion at that time that there was probable cause to believe that a felony had been committed, a criminal act, and that the vehicle that was used was used by one of the participants in that act knowingly, and that he was the owner of the vehicle and therefore it was subject to seizure."

The owner of the stolen equipment valued it at over $2,800, and Officer Barnard valued it in excess of $500. Under NDCC 12.1–23–05(2)(a), theft of property is a class C felony if "[t]he property or services stolen exceed five hundred dollars in value."

On the other hand, there is also evidence, if credited, that the crime committed fell short of a felony. While Horsfall admitted to entering the unoccupied residence, he testified it was only out of curiosity and without intent to steal anything. Horsfall pled guilty to misdemeanor theft, not a felony. One of Horsfall's companions was charged with burglary, but was convicted of a reduced charge of criminal facilitation. Another companion was charged, arrested, and bound over for burglary, but he too pled guilty to criminal trespass, a misdemeanor. Two other companions were not charged with any crime. Though not controlling, the later results of criminal proceedings can be weighed as evidence by the trial court, at least in deciding the dispositional stage of the forfeiture.

 The factual determinations for probable cause and for forfeiture are not for this court to make. On remand, the trial court must weigh the evidence in the successive stages required for a forfeiture case. We reverse and remand for the trial court to weigh the evidence correctly.

VANDE WALLE, C.J., and SANDSTROM and NEUMANN, JJ., concur.

LEVINE, J., concurs in the result.