2015 ND 158

**Sarah C. BROOKS, Plaintiff**

v.

**Roy W. BROOKS, Defendant
and Appellant.**

**No. 20150044.**

Supreme Court of North Dakota.

June 18, 2015.

Sarah C. Brooks, plaintiff; no appearance.

Roy W. Brooks (on brief), Flasher, ND, defendant and appellant.

KAPSNER, Justice.

[¶ 1] Roy Brooks appeals from a district court order denying his motion to modify primary residential responsibility. Because our review of this case is significantly hampered by the district court's failure to make specific, detailed findings on the relevant issues, we reverse and remand for further explanation of the basis for the court's determination.

I

[¶ 2] The parties married in 2010 and have three minor children together. In September 2014, the parties divorced, and the district court approved the parties' stipulation that Sarah Brooks be awarded primary residential responsibility with Roy Brooks given reasonable parenting time.

[¶ 3] In January 2015, Roy Brooks, self-represented, moved to modify primary residential responsibility. In support of his motion, Roy Brooks' affidavit alleged Sarah Brooks' home is a "health hazard for the children" because it has a "mouse problem" and "mold in the basement." The affidavit expressed his concern with Sarah Brooks' romantic relationships with two men, alleging it "damages the psyche of the child's developmental needs." The affidavit alleged Sarah Brooks, along with the parties' three children, have slept over at the men's apartments, and Roy Brooks was concerned regarding the children's sleeping arrangements and "sleeping wellness" because the parties' youngest daughter allegedly slept on the floor, their son slept in a bed with the man's son, and their oldest daughter slept in a recliner. The affidavit alleged Sarah Brooks has "no regard for [the children's] mental, physical or psychological well being," and "[i]t is harmful and not in the child's best interest when a parent is acting so careless."

[¶ 4] Sarah Brooks opposed Roy Brooks' motion, asserting it should be denied and dismissed in its entirety because it "failed to meet the basic requirements of Rule 3.2 of the North Dakota Rules of Court." Sarah Brooks did not submit a counter-affidavit or other supporting evidence to dispute the allegations in Roy Brooks' affidavit. The district court denied Roy Brooks' motion, quoting N.D.C.C. § 14–09–06.6 in its entirety, and stating, "[Roy] Brooks should either obtain legal advice or educate himself concerning the law before bringing motions. If he causes Sarah Brooks to incur legal expenses because he does not do so, he will be held responsible for those expenses."

II

[¶ 5] On appeal, Roy Brooks argues the district court erred in not granting an evidentiary hearing and in denying his motion to modify without making any findings of fact.

III

[¶ 6] When reviewing the denial of an evidentiary hearing on a change of custody, this Court applies the de novo standard of review. *Green v. Green,* 2009 ND 162, ¶ 5, 772 N.W.2d 612.

[¶ 7] Unless the parties agree in writing, a motion to modify primary residential responsibility may not be made less than two years after the date of entry of an order establishing primary residential responsibility; however, that time limitation does not apply if the court finds:

a. The persistent and willful denial or interference with parenting time;

b. The child's present environment may endanger the child's physical or emotional health or impair the child's emotional development; or

c. The primary residential responsibility for the child has changed to the other parent for longer than six months.

N.D.C.C. § 14–09–06.6(1), (3). Because Roy Brooks' motion to modify primary residential responsibility was made less than two years after the date of entry of an order establishing primary residential responsibility, N.D.C.C. § 14–09–06.6(3) applies. In reviewing Roy Brooks' affidavit in support of his motion to modify, he does not allege denial or interference with his parenting time, nor does he allege the primary residential responsibility for the children changed to him for longer than six months. Thus, in order to get past the time limitation of N.D.C.C. § 14–09–06.6(1), the district court would need to find that the children's present environment may endanger their physical or emotional health or impair their emotional development. *See* N.D.C.C. § 14–09–06.6(3)(b).

■ [¶ 8] "The court shall consider the motion [to modify primary residential responsibility] on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification." N.D.C.C. § 14–09–06.6(4). The district court shall set an evidentiary hearing date only if the moving party has established a prima facie case. *Id.* This procedure allows the district court to "eliminate unsupported or frivolous cases without imposing upon the court and the parties the burden and expense of an unnecessary evidentiary hearing." *Kartes v. Kartes*, 2013 ND 106, ¶ 12, 831 N.W.2d 731.

■ [¶ 9] A prima facie case is a bare minimum; it "only requires facts which, if proved at an evidentiary hearing, would support a change of custody that could be affirmed if appealed." *Sweeney v. Kirby*, 2013 ND 9, ¶ 5, 826 N.W.2d 330 (citation omitted). Allegations, on their own, do not establish a prima facie case, and an affidavit is not competent if it states conclusions without evidentiary facts to support it. *Id.* "In determining whether a prima facie case has been established, the district court must accept the truth of the moving party's allegations and may not weigh conflicting allegations." *Kartes*, 2013 ND 106, ¶ 9, 831 N.W.2d 731. This Court reiterated the standards guiding a district court's decision of whether a moving party has established a prima facie case in *Jensen v. Jensen*:

> If the moving party's allegations are supported by competent, admissible evidence, the court may conclude the moving party failed to establish a prima facie case *only* if: (1) the opposing party's counter-affidavits conclusively establish that the moving party's allegations have no credibility; or (2) the moving party's allegations are insufficient on their face, even if uncontradicted, to justify modification. Unless the counter-affidavits conclusively establish the movant's allegations have no credibility, the district court must accept the truth of the moving party's allegations.

2013 ND 144, ¶ 13, 835 N.W.2d 819 (emphasis in original).

[¶ 10] In *Hankey v. Hankey*, a father moved to modify residential responsibility, seeking primary residential responsibility, and the district court denied his motion without an evidentiary hearing. 2015 ND 70, ¶ 3, 861 N.W.2d 479. The district court did not address any of the allegations in the father's affidavits; rather, it summarily determined the father had failed to present a prima facie case justifying a modification of primary residential respon-

sibility because he "failed to show a material change of circumstances" and "failed to show that a modification of primary residential responsibility is in the best interest of [the child]." *Id.* at ¶ 13. This Court noted its "review of [the] case [was] significantly hampered by the district court's failure to make specific, detailed findings on the relevant issues and its failure to expressly delineate the basis for its decision." *Id.*

[¶ 11] Here, Sarah Brooks opposed Roy Brooks' motion to modify, citing his failure to adhere to the North Dakota Rules of Court; however, she did not submit a counter-affidavit to dispute his allegations or to conclusively establish that his allegations have no credibility. The district court's order did not address any of the allegations in Roy Brooks' affidavit, even though he specifically alleged a "health hazard for the children" regarding the mold in Sarah Brooks' basement and his concern for the children's "sleeping wellness" regarding their sleeping arrangements. Rather, the district court simply quoted N.D.C.C. § 14–09–06.6 in its entirety and noted Roy Brooks "should either obtain legal advice or educate himself concerning the law before bringing motions."

[¶ 12] This Court's review of this case is significantly hampered by the district court's failure to make specific, detailed findings on the relevant issues and law to be applied and its failure to expressly delineate the basis for its decision. *See Hankey,* 2015 ND 70, ¶ 13, 861 N.W.2d 479; *see also Estate of Nelson,* 2015 ND 122, ¶ 8, 863 N.W.2d 521 ("This Court cannot perform its appellate function if we are unable to understand the rationale underlying the district court's decision."). "A reviewing court needs to know the reasons for the trial court's decision before it can intelligently rule on the issues, and if the trial court does not provide an adequate explanation of the evidentiary and legal basis for its decision we are left to merely speculate whether the court properly applied the law." *Nelson,* at ¶ 8. The lack of findings in the district court's order does little to explain the rationale for the court's ultimate determination that the motion to modify should be denied. *See Hankey,* at ¶ 13.

[¶ 13] Like in *Hankey,* the district court did not conclude that Roy Brooks' allegations were not supported by competent evidence, nor did the court conclude that his allegations were insufficient on their face, even if uncontradicted, to justify modification. *See Hankey,* 2015 ND 70, ¶ 13, 861 N.W.2d 479. The district court did not conclude Roy Brooks failed to establish a prima facie case for modification of primary residential responsibility. Sarah Brooks argued Roy Brooks' motion should be dismissed on procedural grounds for failing to adhere to the North Dakota Rules of Court; however, the district court did not comment on whether it was denying Roy Brooks' motion on a procedural basis, as Sarah Brooks had argued, or on the merits.

[¶ 14] Because our review of this case is significantly hampered by the district court's failure to make specific, detailed findings on the relevant issues, we reverse and remand for further explanation of the basis for the court's determination.

[¶ 15] GERALD W. VANDE WALLE, C.J., DANIEL D. NARUM, D.J., LISA FAIR McEVERS and DANIEL J. CROTHERS, JJ., concur.

[¶ 16] The Honorable Daniel D. Narum, D.J., sitting in place of Sandstrom, J., disqualified.