2016 ND 10

**STATE of North Dakota, Plaintiff and Appellant**

v.

**Karl Andrew HORNING, Defendant and Appellee.**

**No. 20150148.**

Supreme Court of North Dakota.

Jan. 14, 2016.

Ladd R. Erickson, State's Attorney, Washburn, ND, for plaintiff and appellant; submitted on brief.

Michael R. Hoffman, Bismarck, ND, for defendant and appellee.

CROTHERS, Justice.

[¶ 1] The State appeals from a district court order denying forfeiture of $16,420 in U.S. currency seized by law enforcement during a traffic stop. The State argues Karl Horning lacks standing to contest the forfeiture and the district court erred in relying on acquittal of one of the charges. Horning argues the State has no right to appeal. We reverse and remand.

I

[¶ 2] Deputy Sheriff Rich Hoffer stopped Horning after he failed to stop at a stop sign. Hoffer searched the vehicle when a drug detection dog indicated illegal drugs were present. Hoffer found a cooler on the front passenger floorboard containing a car title, cell phone, syringes, drug paraphernalia, marijuana, methamphetamine and a bag containing $15,960 in cash. Hoffer searched Horning and found an additional $460 in cash, a syringe cap and a marijuana smoking device.

[¶ 3] Before trial the State filed a motion under N.D.C.C. §§ 29–31.1–08 and 09 to forfeit the cash seized in the traffic stop. Before the district court ruled on the motion, a jury found Horning guilty of possession of marijuana, possession of marijuana paraphernalia and possession of methamphetamine paraphernalia, but not guilty of possession of methamphetamine with intent to deliver. After sentencing, the district court granted the State's forfeiture motion and Horning filed a motion to reconsider. The district court granted Horning's motion to reconsider, vacated its earlier order and denied the State's motion to forfeit the currency. The State appeals.

II

[¶ 4] "Chapter 29–31.1, N.D.C.C., allows for the forfeiture and disposition of certain seized property related to a criminal offense." *State v. Bergstrom*, 2006 ND 45, ¶ 11, 710 N.W.2d 407. The State moved to forfeit the $16,420 under N.D.C.C. § 29–31.1–09, which provides in relevant part:

"In the case of forfeitable property seized and held as evidence of the commission of a criminal offense, the court in which a criminal prosecution was commenced may issue its order, upon motion and after hearing unless waived, for disposition of the property in accordance with this chapter ... although no separate forfeiture proceeding is required to be instituted under this section, all other provisions of this chapter apply to proceedings commenced pursuant to this section."

This statute specifically deals with the forfeiture of property held as evidence and "allows for forfeiture by motion after a criminal prosecution has commenced." *State v. Koble*, 2000 ND 29, ¶ 8, 606 N.W.2d 521.

[¶ 5] Horning moves to dismiss, alleging the State's appeal is not authorized by law. "In a criminal case, the State's right to appeal is strictly limited by statute." *State v. Peterson*, 2011 ND 109, ¶ 5, 799 N.W.2d 67. Under N.D.C.C. § 29–28–07(5), the State is allowed to appeal from:

"An order granting the return of property or suppressing evidence, or suppressing a confession or admission,

when accompanied by a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding. The statement must be filed with the notice of appeal."

Horning argues the State's appeal is not authorized because the prosecuting attorney cannot successfully assert the $16,420 is "substantial proof of a fact material in the proceeding," now that the criminal case has ended. Horning's argument incorrectly implies the forfeiture action is dependent on the underlying criminal case.

■ [¶ 6] Property "acquired as or from the proceeds of a criminal offense" is forfeitable under N.D.C.C. § 29–31.1–01(1)(c). Forfeiture actions are civil proceedings governed by N.D.C.C. §§ 19–03.1–36.1 through 19–03.1–36.7. *Bergstrom*, 2006 ND 45, ¶ 11, 710 N.W.2d 407. Section 29–31.1–04, N.D.C.C., provides that "forfeiture is a civil proceeding not dependent upon a prosecution for, or conviction of, a criminal offense and forfeiture proceedings are separate and distinct from any related criminal action." To begin a forfeiture action the State must first show "the property was 'probably connected with criminal activity,'" similar to a complaint in a criminal proceeding. *State v. One 1990 Chevrolet Pickup*, 523 N.W.2d 389, 394 (N.D.1994). The burden then shifts to the person claiming a legal interest in the property to prove it is not subject to forfeiture. N.D.C.C. § 19–03.1–36.6; *One 1990 Chevrolet Pickup*, 523 N.W.2d at 394.

■ [¶ 7] "Because forfeiture under chapter 29–31.1 is a separate civil proceeding, apart from any underlying criminal proceeding, the burden of each party does not change when the defendant is acquitted of the criminal charge." *Bergstrom*, 2006 ND 45, ¶ 13, 710 N.W.2d 407 (internal

citations omitted). "The acquittal, or even non-prosecution, of the owner on criminal charges is irrelevant as to the forfeitability of the property." *United States v. One Parcel Property Located at 427 and 429 Hall Street*, 74 F.3d, 1165, 1169 (11th Cir. 1996). Civil forfeiture is a proceeding brought by the government to transfer title of property that either facilitated a crime or was acquired as a result of criminal activity. *See Black's Law Dictionary* 661 (7th ed.1999).

[¶ 8] Here, the State established the property was "probably connected with criminal activity." *One 1990 Chevrolet Pickup*, 523 N.W.2d at 394. The State asserted:

"The money is presumed to be drug money under N.D.C.C. § 19–03.1–23.3(a) and (b) because it exceeds $10,000.00; at the time of seizure, the property was being transported on a highway; the property was packaged or concealed in a highly unusual manner ... the property was found in close proximity to a measurable quantity of any controlled substance; or ... the property at issue was acquired during a period of time when the person who acquired the property was engaged in an offense under chapter 19–03.1[.]"

The burden then shifted to Horning to prove the property was not subject to forfeiture. N.D.C.C. § 19–03.1–36.6.

[¶ 9] The district court initially granted the State's motion to forfeit the $16,420, transferring ownership to the State. Upon Horning's motion for reconsideration, the district court vacated its forfeiture order and transferred ownership from the State to Horning. The State has a statutory right to appeal the district court's order because N.D.C.C. § 29–28–07(5) allows the State to appeal an order granting the return of property. The State properly appealed because the State

Attorney's statement satisfied both prongs of N.D.C.C. § 29–28–07(5), asserting the purpose of the appeal was not to delay and the property is substantial proof of a fact material in the criminal proceeding.

## III

[¶ 10] The State argues Horning has no claim to the $16,420 because when Detective Aaron Matties stopped Horning, Horning stated that the cooler belonged to his passenger and that he had not seen the cooler before. Horning responds his claim to the money is supported because the State admits the money was seized "from a cooler in the vehicle the defendant was driving and on his person"; Horning's children "identified the cooler as belonging to [him]"; and "no other person is known to have an ownership interest in the money."

[¶ 11] Horning did not testify. Detective Matties testified Horning denied knowledge of the cooler during the traffic stop. The district court granted Horning's motion for reconsideration, awarding the $16,420 to Horning. The district court was not obligated to believe Horning's statement to Detective Matties was truthful. "A district court's choice between two permissible views of the weight of the evidence is not clearly erroneous.... We give due regard to the district court's opportunity to judge the credibility of the witnesses." *State v. $44,140.00 U.S. Currency*, 2012 ND 176, ¶ 12, 820 N.W.2d 697 (internal citations omitted). It was not clearly erroneous for the district court to find the money belonged to Horning. A finding of fact is clearly erroneous if no evidence exists to support it. *Bergstrom*, 2006 ND 45, ¶ 10, 710 N.W.2d 407. The district court had evidence establishing the money belonged to Horning. The money was found in Horning's pocket and in a cooler inside the car he was driving. The cooler contained the cash, Horning's cell phone and the title to a car purchased by Horning. The district court did not clearly err because evidence supported Horning's claim to the money seized.

## IV

[¶ 12] The State argues the district court erred in granting Horning's motion for reconsideration of the forfeiture order because it relied on an acquittal of a charge in the criminal case.

"A trial court's decision on whether an item of property is forfeitable is a finding of fact that will not be overturned unless it is clearly erroneous.... A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made."

*Bergstrom*, 2006 ND 45, ¶ 10, 710 N.W.2d 407 (internal citations omitted). Our review of this issue is limited because the basis for the district court's decision is unclear.

"This Court's review of [a] case is significantly hampered by the district court's failure to make specific, detailed findings on the relevant issues and law to be applied and its failure to expressly delineate the basis for its decision. 'A reviewing court needs to know the reasons for the trial court's decision before it can intelligently rule on the issues, and if the trial court does not provide an adequate explanation of the evidentiary and legal basis for its decision we are left to merely speculate whether the court properly applied the law.' The lack of findings in the district court's order does little to explain the rationale for the court's ultimate determination that the motion ... should be denied."

*Brooks v. Brooks*, 2015 ND 158, ¶ 12, 864 N.W.2d 767 (internal citations omitted).

[¶ 13] The district court's order does not provide a clear explanation of the basis used to grant Horning's motion for reconsideration of the forfeiture order. It is unclear whether the evidence was insufficient to support forfeiture or whether the district court relied on Horning's acquittal. The order states, "[Horning] was found not guilty of a violation of chapter 19–03.1. As hard as the State may try, it cannot establish a 'substantial connection' between the currency and the possession of less than one-half ounce of marijuana." Forfeiture is "not dependent upon a prosecution for, or conviction of, a criminal offense...." N.D.C.C. § 29–31.1–04(1). Because acquittal in the criminal case is not relevant, and because the district court's order did not indicate another basis for its determination, we reverse and remand for an explanation of the basis for its decision.

V

[¶ 14] We reverse the district court order granting Horning's motion for reconsideration and remand.

[¶ 15] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, LISA FAIR McEVERS, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ.