2016 ND 151

**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Karl HORNING, Defendant and Appellee.**

No. 20160086.

Supreme Court of North Dakota.

July 20, 2016.

Ladd R. Erickson, State's Attorney, Washburn, ND, for plaintiff and appellant.

Michael R. Hoffman, Bismarck, ND, for defendant and appellee.

CROTHERS, Justice.

[¶ 1] The State appeals from a district court order on remand denying the forfeiture of $16,420 in U.S. currency seized by law enforcement during a traffic stop. Because the district court's order relies on an erroneous application of the law and is not supported by the evidence, we reverse and remand for entry of an order granting the State's motion to forfeit the $16,420.

I

[¶ 2] The State moved under N.D.C.C. §§ 29-31.1-08, 09 for Karl Horning to forfeit $16,420 seized in a traffic stop. The State filed the motion to forfeit before trial but the district court did not rule on it at that time. At trial the jury found Horning guilty of possession of marijuana, possession of marijuana paraphernalia and possession of methamphetamine paraphernalia, but not guilty of possession of methamphetamine with intent to deliver. After sentencing the district court granted the State's motion to forfeit the currency and Horning moved for reconsideration. The district court granted Horning's motion to reconsider, vacated its earlier order and denied the State's motion.

[¶ 3] The State appealed, arguing the district court erred granting Horning's motion for reconsideration because it relied on an acquittal in the criminal case in denying the State's motion. We reversed and remanded because acquittal in the criminal case was not relevant and because the district court's order did not sufficiently explain any other basis for its determination. See State v. Horning, 2016 ND 10, ¶ 13, 873 N.W.2d 920. On remand Horning submitted a proposed order to the district court. The district court signed the proposed order denying the State's request for forfeiture without further proceedings.

II

[¶ 4] The State again appeals, arguing the district court did not follow this Court's order on remand.

"A trial court's decision on whether an item of property is forfeitable is a finding of fact that will not be overturned unless it is clearly erroneous. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made."

State v. Bergstrom, 2006 ND 45, ¶ 10, 710 N.W.2d 407 (internal citations and quotation omitted).

[¶ 5] "Chapter 29–31.1, N.D.C.C., allows for the forfeiture and disposition of certain seized property related to a criminal offense." *Bergstrom*, 2006 ND 45, ¶ 11, 710 N.W.2d 407. The State moved to forfeit $16,420 under N.D.C.C. § 29–31.1–09, which provides in relevant part:

"In the case of forfeitable property seized and held as evidence of the commission of a criminal offense, the court in which a criminal prosecution was commenced may issue its order, upon motion and after hearing unless waived, for disposition of the property in accordance with this chapter.... Although no separate forfeiture proceeding is required to be instituted under this section, all other provisions of this chapter apply to proceedings commenced pursuant to this section."

The statute specifically deals with the forfeiture of property held as evidence and "allows for forfeiture by motion after a criminal prosecution has commenced." *State v. Koble*, 2000 ND 29, ¶ 8, 606 N.W.2d 521.

[¶ 6] "Forfeiture is a two-stage process." *Bergstrom*, 2006 ND 45, ¶ 12, 710 N.W.2d 407. The State must first show "reasonable grounds exist to believe that the property was 'probably connected with criminal activity,'" and then the burden shifts to the claimant to prove the property is not subject to forfeiture. *Id.* "[P]roperty may be forfeited if it is more probable than not that the property was used in a criminal offense." *Id.* "Forfeiture is a civil proceeding not dependent upon a prosecution for, or conviction of, a criminal offense and forfeiture proceedings are separate and distinct from any related criminal action." N.D.C.C. § 29–31.1–04; *Horning*, 2016 ND 10, ¶ 6, 873 N.W.2d 920.

[¶ 7] To begin a forfeiture action the State must first show "the property was 'probably connected with criminal activity,'" similar to a complaint in a criminal proceeding. *Horning*, 2016 ND 10, ¶ 6, 873 N.W.2d 920 (citing *State v. One Chevrolet Pickup*, 523 N.W.2d 389, 394 (N.D.1994)). "The burden then shifts to the person claiming a legal interest in the property to prove it is not subject to forfeiture." *Id.* (citing N.D.C.C. § 19–03.1–36.6). The State established the property was "probably connected with criminal activity," providing evidence:

"The money is presumed to be drug money under N.D.C.C. § 19–03.1–23.3(a) and (b) because it exceeds $10,000.00; at the time of seizure, the property was being transported on a highway; the property was packaged or concealed in a highly unusual manner ... the property was found in close proximity to a measurable quantity of any controlled substance; or ... the property at issue was acquired during a period of time when the person who acquired the property was engaged in an offense under chapter 19–03.1[.]"

*Horning*, at ¶ 8. The burden shifted to Horning to prove the property was not subject to forfeiture. *Id.* (citing N.D.C.C. § 19–03.1–36.6).

[¶ 8] The district court's original order appeared to rely on Horning's acquittal, stating "[Horning] was found not guilty of a violation of chapter 19–03.1. As hard as the State may try, it cannot establish a 'substantial connection' between the currency and the possession of less than one-half ounce of marijuana." "A trial court's decision on whether an item of property is forfeitable is a finding of fact that will not be overturned unless it is clearly erroneous." *Bergstrom*, 2006 ND 45, ¶ 10, 710 N.W.2d 407. "Findings of fact are adequate if they provide this Court with an understanding of the district court's factual basis used in reaching its

determination. Lack of specificity alone does not make findings of fact erroneous." *Id.* at ¶ 15 (internal citation omitted); *see also* N.D.R.Civ.P. 52(a).

[¶ 9] The State correctly argues the district court erred in relying on the verdicts of the criminal case. Forfeiture is "not dependent upon a prosecution for, or conviction of, a criminal offense...." N.D.C.C. § 29–31.1–04(1); *see also One 1990 Chevrolet Pickup*, 523 N.W.2d 389, 393 (N.D.1994) ("[N]either a criminal charge nor a criminal conviction of a felony is a prerequisite to civil forfeiture of the vehicle used in that felony."); *United States v. One Parcel Property Located at 427 and 429 Hall Street*, 74 F.3d, 1165, 1169 (11th Cir.1996) ("[T]he acquittal, or even non-prosecution, of the owner on criminal charges is irrelevant as to the forfeitability of the property."). Because the verdicts in the criminal case are not determinative and the order did not indicate other findings of fact related to the district court's determination, we reversed and remanded for explanation of the basis for its decision. The district court's order on remand states:

"[1]. The Court finds the evidence insufficient to prove the $16,420 was proceeds from illegal drug trafficking as asserted by the State.

▪ The Court finds the presumption in § 19–03.1–23.3 is inapplicable to this case brought by the State under Chapter 29–31.1.

▪ The Court finds the State had no evidence of trafficking. The State's assertion of trafficking is based on surmise and conjecture only.

▪ Therefore, the State's request for forfeiture is denied. The State shall turn over the $16,420 to Horning."

[¶ 10] The order on remand provides little explanation for the basis of the district court's decision. The district court appears to conclude the State failed to establish the money was probably connected with criminal activity because it found the N.D.C.C. 19–03.1–23.3(1)(a) presumption did not apply and the State "had no evidence of trafficking." The district court's decision relies on an erroneous application of the law and is not supported by the evidence.

[¶ 11] The State provided evidence the money was "probably connected with criminal activity." *Horning*, 2016 ND 10, ¶ 8, 873 N.W.2d 920. In addition, the State arguably provided evidence that the money is presumed to be drug money. Relevant law states:

"1. There is a presumption of forfeiture for money, coin, currency, and everything of value, furnished or intended to be furnished, in exchange for a controlled substance in violation of chapter 19.03.1 ... [I]f the state offers a reasonable basis to believe, based on the following circumstances, that there is a substantial connection between the property and an offense listed in chapter 19–03.1 or 19–03.2:

a. The property at issue is currency in excess of ten thousand dollars which, at the time of seizure, was being transported through an airport, on a highway, or at a port-of-entry, and the property was packaged or concealed in a highly unusual manner, ... the property was found in close proximity to a measurable quantity of any controlled substance...."

N.D.C.C. § 19–03.1–23.3(1)(a).

[¶ 12] The district court found Horning "guilty of a violation of chapter 19–03.2 (possession of less than one-half ounce of marijuana while operating a motor vehi-

cle)." The State offered evidence that the $16,420 was currency in excess of $10,000, it was being transported on a roadway in an unusual package, specifically a cooler, and was found in close proximity to drug paraphernalia, marijuana and methamphetamine. With this evidence, the State "offer[ed] a reasonable basis to believe ... that there is a substantial connection between the property and an offense listed in chapter ... 19–03.2." N.D.C.C. § 19–03.1-23.3. Therefore, our prior decision and the presumption each establish a probable basis for finding the property was forfeitable drug money.

[¶ 13] The next step would have been for Horning to rebut the presumption. He did not do so, despite opportunities in the original proceeding and on remand after the first appeal. Left with this record, the evidence only supported forfeiture and the district court clearly erred by an incorrect application of N.D.C.C. § 19–03.1-23.3(1)(a) and finding "no evidence of trafficking."

### III

[¶ 14] The district court order relies on an erroneous application of the law and is not supported by the evidence. We reverse and remand for entry of an order granting the State's motion to forfeit the $16,420.

[¶ 15] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.