Filed 2/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 61

State of North Dakota, Plaintiff and Appellee

v.

James Richard Kremer, Defendant and Appellant

No. 20170198

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED IN PART AND REVERSED IN PART.

Opinion of the Court by VandeWalle, Chief Justice.

Caitlyn A. Pierson, Assistant State’s Attorney, Minot, ND, for plaintiff and appellee.

James R. Kremer, self-represented, Jamestown, ND, defendant and appellant; on brief.

State v. Kremer

No. 20170198

VandeWalle, Chief Justice.

[¶1] James Kremer appealed from an order for forfeiture and destruction of items of property involved in his criminal convictions for possessing images of sexual conduct by minors.  We conclude the district court did not err in ordering forfeiture and destruction of Kremer’s laptop and portable hard drive, but erred in ordering forfeiture and destruction of Kremer’s X-Box and PlayStation.  We affirm in part and reverse in part.

I

[¶2] In 2016 Kremer pled guilty to three class C felony counts of possessing prohibited materials under N.D.C.C. § 12.1-27.2-04.1 involving images of sexual conduct by minors.  Kremer was sentenced to serve ten years in prison followed by three years of supervised probation.  During the first year after his release from incarceration, Kremer is prohibited from possessing “any equipment which allows you to access the internet.”  During the final two years of his probation, Kremer is allowed “to access the internet as per your probation officer.”

[¶3] In December 2016, the State moved for forfeiture and destruction of six pieces of “property used or intended to be used in the commission of the crime(s) charged” under N.D.C.C. §§ 29-31.1-01(1) and 29-31.1-03:

the ASUS laptop (model no. G745, serial no. G74ST-BBK7), the Western Digital portable hard drive (serial no. WX11A82T5914), the HP laptop (model no. 2000, serial no. 5CG25000HG), Sony PlayStation 3 with controller, Sony PlayStation 2 with 8GB memory card (serial no. FU4929723), and Microsoft X-Box with controller (serial no. 613278144505).  

Kremer filed a self-represented response:

The State requests that the six (6) items articulated above be forfeited and destroyed because the State alleges the items had been used or intended to be used to facilitate the commission of a criminal offense and because the items are now illegal for Defendant to possess based upon Defendant’s sentence in this matter.

Defendant would argue that he does not want to possess the items, but all tax information, personal documents, personal photos, business documents, school e-books and documents, and account information contained on the items need to be saved, and that after saving such information Defendant’s family would then be able to sell such items, and such would not be “illegal” based upon Defendant’s sentence in this matter.  

Kremer also informed the district court judge through correspondence that, “[a]s a computer technician, I know there is a way to only remove the offending data, so it cannot be recoverable, while keeping the integrity of the rest of the data on the laptop.  The laptop and external hard drive can then be returned without the offending information on them.”

[¶4] At the hearing on the motion, Kremer, self-represented, appeared by interactive video network.  The only person who testified at the hearing was Kremer’s former roommate, who claimed ownership of the HP laptop and Sony PlayStation 3.  The district court ordered those two items be returned to the roommate.  The State indicated it had a witness present who could testify “about what can be wiped, what can’t be wiped” from a computer, adding:

It’s my understanding from . . . Agent Schneider, that it’s either a full wipe of that laptop or not.  So if [Kremer] is asserting that he needs to get documents off of this Asus laptop, my understanding of the process is it’s not going to happen.  It’s going to be fully wiped and it also was used to possess child pornography.

The witness, however, was not called to testify.

[¶5] The district court ordered forfeiture and destruction of Kremer’s X-Box, PlayStation, laptop, and portable hard drive which were in the custody of the Federal Bureau of Investigation.  The court found the laptop and hard drive “were used in the commission of the crime” and all four items “were either used in the commission of the crime . . . and/or enable the defendant to have access to the internet, an action specifically prohibited by his Criminal Judgment.”

II

[¶6] Kremer argues the district court erred because his mother “was never allowed to testify” at the motion hearing.

[¶7] Kremer did not call his mother to testify, however, and at the end of the hearing after the district court asked if he had anything else to present, Kremer replied “No.”  Self-represented parties should not be treated differently nor allowed any more or any less consideration than parties represented by counsel.  
See, e.g.
, 
Carroll v. Carroll
, 2017 ND 73, ¶ 9, 892 N.W.2d 173.  Kremer could not rely on the State or the court to call his witness to testify.

[¶8] The district court committed no error in failing to allow the testimony of a witness who was not called to testify.

III

[¶9] “Chapter 29-31.1, N.D.C.C., allows for the forfeiture and disposition of certain seized property related to a criminal offense.”  
State v. Bergstrom
, 2006 ND 45, ¶ 11, 710 N.W.2d 407.  “Forfeitable property” is defined in N.D.C.C. § 29-31.1-

01(1)(a) and (b) as “[p]roperty that is illegally possessed or is contraband” and “[p]roperty that has been used or is intended to be used to facilitate the commission of a criminal offense.”  In a forfeiture action, the State must first show the property was probably connected with criminal activity, after which the burden shifts to the person claiming a legal interest in the property to prove it is not subject to forfeiture.  
See
 
State v. Horning
, 2016 ND 10, ¶ 6, 873 N.W.2d 920.  Property may be forfeited if it is more probable than not that the property was used in a criminal offense.  
See
 
State v. Horning
, 2016 ND 151, ¶ 6, 882 N.W.2d 247.  A district court’s decision whether an item of property is forfeitable is a finding of fact that will not be overturned unless it is clearly erroneous.  
See
 
Bergstrom
, at ¶ 10.  A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support the finding, or if, on the entire record, we are left with a definite and firm conviction the district court made a mistake.  
See
 
State v. $44,140.00 U.S. Currency
, 2012 ND 176, ¶ 12, 820 N.W.2d 697.

A

[¶10] Kremer argues the district court erred in ordering forfeiture and destruction of his laptop and portable hard drive.  He does not contend these items were not used or intended to be used to facilitate the commission of a criminal offense, but argues the court should have allowed him to present evidence on whether files on the laptop and hard drive can be selectively wiped clean because he has important information on those devices that does not involve child pornography.

[¶11] Whether a district court may order forfeiture of computer files that are unassociated with the contraband underlying the criminal conviction is a question of first impression in this jurisdiction.  The issue necessarily requires analysis of the term “property” as used in N.D.C.C. § 29-31.1-01(1)(a) and (b).  Interpretation of a statute is a question of law fully reviewable on appeal.  
See
 
State v. Koble
, 2000 ND 29, ¶ 6, 606 N.W.2d 521.  Words used in a statute are to be understood in their ordinary sense, unless a contrary intention plainly appears.  
Id.
 We have noted the “procedures for forfeitures under North Dakota law parallel procedures under federal forfeiture law in many respects.”  
State v. One 1990 Chevrolet Pickup
, 523 N.W.2d 389, 394 n.3 (N.D. 1994).  Similar to N.D.C.C. § 29-31.1-01(1)(b), 18 U.S.C. § 2253(a)(3) provides a convicted person forfeits “such person’s interest in . . . any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.”  Although case law is sparse, the few federal courts addressing the issue indicate the term “property” includes both noncontraband computer files as well as contraband computer files contained on an electronic device.

[¶12] In 
United States v. Noyes
, 557 Fed. Appx. 125, 126 (3rd Cir. 2014), the defendant unsuccessfully sought a stay of disposition of computers forfeited after his conviction for child pornography crimes.  The defendant requested the court order the government to return all noncontraband data electronic files and programs on the forfeited computers and preserve a mirror copy of all storage devices.  
Id.
  The appellate court rejected the defendant’s argument, concluding “[t]here is nothing in [18 U.S.C. § 2253(a)(3)] which indicates that only a portion of the ‘property’ can be forfeited,” and therefore, “the computers as a whole, including all of their files and programs, were subject to the forfeiture order.”  
Noyes,
 at 127.  In 
United States v. Wernick
, 148 F.Supp.3d 271, 272 (E.D.N.Y. 2015), the defendant was convicted of child pornography crimes and the court ordered forfeiture of his computers, hard drives and other data storage media.  The defendant sought the return of all electronically stored computer data on the devices, excluding the electronically stored child pornography contraband.  
Id.
 at 272-73.  The court, relying on 
Noyes
, rejected the defendant’s argument, noting “[a]bsent from [18 U.S.C. § 2253(a)] is a suggestion, no less a requirement, that the forfeited property be separated into categories based on their function and content . . . .”  
Wernick,
 at 275.  The court pointed out that “[t]here is nothing in the statute which indicates that only a portion of the ‘property’ can be forfeited,” and “here the non-contraband data is intertwined with its contraband counterparts.”  
Id.
 at 275-76.

[¶13] In 
United States v. Gladding
, 775 F.3d 1149, 1151 (9th Cir. 2014), the defendant pled guilty to child pornography charges and at his change of plea hearing requested the government to return to him noncontraband computer files on his electronic storage devices.  The government agreed to do so, and the federal district court eventually entered an order requiring forfeiture of “contraband items only.”  
Id.
  After the parties were unable to agree on how to return the noncontraband files to the defendant, the defendant filed a motion for return of the noncontraband computer files.  
Id.
  The government argued it would be difficult and costly to segregate the defendant’s noncontraband computer files from the files containing child pornography.  
Id.
  The federal district court agreed and denied the defendant’s motion, but during the pendency of the appeal the defendant’s expert was able to obtain a large number of the defendant’s noncontraband files.  
Id.
  The appellate court reversed and remanded, but noted “[t]his type of forfeiture order is uncommon,” and expressed no “opinion on the validity of the district court’s order requiring [the defendant] to forfeit only contraband files.”  
Id.
 at 1153 n.1.  The appellate court discussed a number of considerations for the lower court to consider in deciding whether to require the government to return the defendant’s noncontraband computer files.  
Id.
 at 1154.  One commentator has suggested 
Gladding
 illustrates that “criminals who store both important aspects of their personal lives as well as digital contraband on their own electronic devices assume the risk of losing all their data when it is lawfully seized.”  K. Smith, 
The Constitutional Right to Deletion: The Latest Battle in the War of Technology v. Privacy
, 42 New Eng. J. on Crim. & Civ. Confinement 121, 139 (2016) (footnote omitted).  
See also
 
United States v. Penry
, 515 Fed. Appx. 784, 788-89 (10th Cir. 2013) (under 18 U.S.C. § 2253, defendant’s computer and hard drive used to view child pornography from the internet was subject to forfeiture, without distinguishing between contraband and noncontraband files).

[¶14] We agree with the federal courts which have addressed the issue and conclude the term “property” subject to forfeiture under N.D.C.C. § 29-31.1-01(1)(a) and (b) includes noncontraband computer files as well as contraband computer files contained on an electronic device.  The district court did not err in ordering forfeiture and destruction of Kremer’s laptop and portable hard drive.

B

[¶15] Kremer argues the district court erred in ordering forfeiture and destruction of his X-Box and PlayStation.

[¶16] It is undisputed that Kremer’s X-Box and PlayStation are not “[p]roperty that is illegally possessed or is contraband,” or “[p]roperty that has been used or is intended to be used to facilitate the commission of a criminal offense” under N.D.C.C. § 29-31.1-01(1)(a) and (b).  Rather, the State simply argued at the hearing the “only way that we know that Mr. Kremer is not going to get these items back and access the internet when he is released from prison is to forfeit them.”  The district court agreed these devices would “enable the defendant to have access to the internet, an action specifically prohibited by his Criminal Judgment.”

[¶17] The State’s argument and the district court’s rationale ignore that Kremer has not been denied access to the internet for the remainder of his life.  During the final two years of supervised probation Kremer is allowed “to access the internet as per your probation officer.”  The State has cited no authority for the proposition that the possibility a defendant might use otherwise unforfeitable property in an unlawful manner after completion of his criminal sentence renders the property forfeitable.  
Cf.
 
United States v. Turner
, 2017 WL 5070365 *2 (E.D. Cal. November 3, 2017) (unpublished decision) (the court “is not aware of any case in which the government rebutted the presumption [that property ought to be returned] by asserting that a claimant’s possession of the disputed property may violate state law, subject to future determination by state authorities”).

[¶18] We conclude the district court’s order of forfeiture and destruction of Kremer’s X-Box and PlayStation is clearly erroneous.

IV

[¶19] Kremer argues that his supervised release condition barring him from accessing the internet violates his First Amendment rights.  Even if Kremer could raise this issue in a forfeiture proceeding, he did not do so in the district court.  Issues not raised in the district court will not be addressed on appeal.  
See, e.g.
, 
State v. Koble
, 2000 ND 29, ¶ 5, 606 N.W.2d 521.  We do not consider the issue.

V

[¶20] We do not address other arguments raised because they either are unnecessary to the decision or are without merit.  We affirm the district court’s order of forfeiture and destruction of Kremer’s laptop and portable hard drive, but reverse the order of forfeiture and destruction of his X-Box and PlayStation.

[¶21] Gerald W. VandeWalle, C.J.

Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Jon J. Jensen