**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Vincent Edward CANTU, Defendant– Appellant.**

No. 09–50597.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed April 15, 2011.

Christine Bautista, Assistant U.S., Office of the U.S. Attorney, Santa Ana, CA, Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Thomas Paul Sleisenger, Law Offices of Thomas P. Sleisenger, Los Angeles, CA, for Defendant–Appellant.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Before: RYMER and BYBEE, Circuit Judges, and QUIST, Senior District Judge.**

### MEMORANDUM ***

Defendant, Vincent Edward Cantu, appeals the 162–month sentence he received after pleading guilty to two counts of armed robbery, in violation of 18 U.S.C. § 2113(a) and (d), and one count of brandishing a firearm, in violation of 18 U.S.C. § 924(c)(1)(A).

First, Defense counsel's vague objection that the prosecutor's reference at sentencing to Defendant's having robbed other banks as not "appropriate" was insufficient to preserve the issue for appeal. *See United States v. Cannel,* 517 F.3d 1172, 1176 (9th Cir.2008). In addition, under the proffer agreement, the Government was free to use Defendant's proffer statements to refute his lawyer's sentencing brief that Defendant "had no prior history of robberies or gun-related crimes." Furthermore, Cantu cannot establish prejudice. *United States v. Marcus,* —— U.S. ——, 130 S.Ct. 2159, 2164, 176 L.Ed.2d 1012 (2010). There is no indication that the district court even considered the other robberies in determining the sentence.

Second, Defendant's sentence was reasonable. The district court properly considered the Defendant's former occupation as a police officer both as a mitigating and as an aggravating factor. *See United States v. Autery,* 555 F.3d 864, 874 (9th Cir.2009). The district court also properly explained its reasons for imposing the sentence it did and articulated that reasoning to a sufficient degree to allow for meaningful appellate review. *United States v. Per-*

*ez–Perez,* 512 F.3d 514, 516–517 (9th Cir. 2008).

Third, Defendant was punished only *once* for brandishing a firearm with respect to each robbery—via a sentencing enhancement as to the first and via § 924(c) as to the second.

Finally, Defendant makes no affirmative allegation that he did not read the PSR; therefore he cannot show prejudice and any Rule 32(i)(1)(A) error is harmless. *See e.g., United States v. Soltero,* 510 F.3d 858, 863–64 (9th Cir.2007) (per curiam); *United States v. Davila–Escovedo,* 36 F.3d 840, 844 (9th Cir.1994).

Accordingly, Defendant's sentence is **AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

