**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, v. JUSTIN PAUL GLADDING, *Defendant-Appellant*. | No. 12-10544 D.C. No. 1:09-cr-00265-AWI-1 OPINION |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Argued and Submitted June 9, 2014
San Francisco, California

Filed December 31, 2014

Before: Diarmuid F. O'Scannlain, Ferdinand F. Fernandez,
and Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea

**SUMMARY**[*]

**Criminal Law**

The panel reversed the district court's denial of a motion pursuant to Fed. R. Crim. P. 41(g) for return of noncontraband computer files, and remanded for further proceedings, in a case that required the panel to address when a criminal defendant is entitled to the return of his personal computer files when he has intermingled them with his child pornography files.

The panel held that the district court's decision not to put the burden of proof on the government was legal error, where the defendant filed the Rule 41(g) motion after he pleaded guilty and the government no longer needed his property as evidence. The panel held that the government could not have carried its burden of proof had the district court correctly placed it on the government, where the government failed to submit any evidence of the difficulty and costs of segregating the defendant's data, which it claimed was a legitimate reason for retention of the noncontraband files.

Providing guidance to the district court on remand, the panel wrote that the difficulty and cost of segregating data can be a legitimate reason for the government to retain the defendant's property, and the district court should deny the defendant's motion if the government has carried its burden of proof by producing evidence which preponderates to show the government's cost concerns are reasonable under all of

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

the circumstances. The panel wrote that the district court may also order alternative remedies, including requiring the defendant to pay the costs of segregation.

**COUNSEL**

Carolyn M. Wiggin, Federal Defender, Sacramento, California, argued the cause and along with Heather E. Williams, filed the briefs for the defendant-appellant.

David L. Gappa, Assistant U.S. Attorney, Fresno, California, argued the cause and, along with Benjamin B. Wagner, filed the brief for the United States.

**OPINION**

BEA, Circuit Judge:

Many people store every aspect of their lives on electronic devices. Those devices are brimming with correspondence, schedules, photographs, and music. As a result, a crashing computer or a lost smartphone can lead to catastrophic results for a person who failed to back up that data; the only record for years of a person's life can be lost in an instant.

Criminals who possess child pornography are no different. Those criminals may likewise store important aspects of their lives on their electronic devices. But along with the normal risks of losing their personal data, such criminals also risk losing that personal data when the government seizes their devices for evidence of child

pornography. To that end, this case requires us to address when a criminal defendant is entitled to the return of his personal computer files when he has intermingled those files with his child pornography files.

I.

Justin Paul Gladding was indicted on two counts related to his possession of child pornography: Count 1: Receipt or Distribution of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct in violation of 18 U.S.C. § 2252(a)(2); and Count 2: Possession of One or More Matters Containing Visual Depiction of Minors Engaged in Sexually Explicit Conduct in violation of 18 U.S.C. § 2252(a)(4)(B). The indictment included allegations that Gladding's electronic storage devices, including three computers and other hard drives, were subject to forfeiture under 18 U.S.C. § 2253 because they contained child pornography.

Gladding pleaded guilty to Count One of the indictment. At the change of plea hearing, Gladding did not dispute that his electronic storage devices were forfeit, but he asked the government to return copies of certain noncontraband computer files on those devices. According to Gladding, there were thousands of pictures of his family and personal emails on the devices that he wanted returned. At the change of plea hearing, the government agreed to give copies of those files to Gladding. But, in the following weeks, negotiations between Gladding and the government apparently broke down. In response, Gladding filed his first motion to return the noncontraband computer files under Federal Rule of Criminal Procedure 41(g). The court addressed that motion at Gladding's sentencing hearing.

Without specifically granting the motion, the court directed the parties to work together to determine which noncontraband files Gladding wanted and asked the government to provide copies of those files to Gladding. The court then entered a forfeiture order that stated: "The Preliminary Order of Forfeiture is made final as to contraband items only. If counsel can not resolve the motion for return of property[,] defense counsel may renew a motion for a return of property."

The parties were again unable to agree on how to return the noncontraband files to Gladding, and Gladding filed a second Rule 41(g) motion. The government attached three exhibits to its opposition brief: (1) a document listing some of Gladding's property the government found to be noncontraband; (2) email correspondence between counsel; and (3) the transcript of a hearing on a similar dispute in a different case. None of the exhibits established the burden or cost to the government of segregating contraband from noncontraband computer files.

The district court held three separate hearings on Gladding's Rule 41(g) motion. At the first and second hearings, the government represented it would be difficult and costly to segregate Gladding's noncontraband files from the files containing child pornography. The district court asked the parties at those hearings to meet and confer to resolve the dispute, and suggested at the second hearing that the court would deny Gladding's motion should the parties be unable to resolve the dispute. At the third hearing, the district court denied Gladding's motion, stating "I'm satisfied at least from the representations made to me, that it's almost impossible to separate [the noncontraband files] out in a coherent manner." Gladding appealed that decision. While

the appeal was pending, the government granted Gladding's expert access to the forfeited electronic storage devices, and Gladding's expert was able to obtain a large number of Gladding's noncontraband files. Gladding maintains that there are still other noncontraband files the government is obligated to turn over.

## II.

We review de novo a district court's denial of a motion for return of property under Rule 41(g) of the Federal Rules of Criminal Procedure. *United States v. Harrell*, 530 F.3d 1051, 1057 (9th Cir. 2008). We review the district court's underlying factual findings for clear error. *Id.*

## A.

"A person aggrieved . . . by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). The burden of proof on a Rule 41(g) motion depends on when the defendant files the motion. "When a motion for return of property is made before an indictment is filed (but a criminal investigation is pending), the movant bears the burden of proving both that the [property's] seizure was illegal and that he or she is entitled to lawful possession of the property." *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987) (citations omitted). But that burden of proof changes when "the property in question is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or . . . the government has abandoned its investigation." *Id.* Then, the burden of proof shifts and the defendant "is presumed to have a right to [the property's] return, and the government has the burden of demonstrating that it has a legitimate reason to retain the

property." *Id.*; *see also United States v. Kriesel*, 720 F.3d 1137, 1144 (9th Cir. 2013) (explaining that a "defendant's Rule 41(g) motion should presumptively be granted if the government no longer needs the property for evidence." (internal quotation marks and citation omitted)).

The government can rebut the presumption that property ought to be returned by proving a "legitimate reason" for retaining the property that is "reasonable [] under all of the circumstances." *Kriesel*, 720 F.3d at 1145; *see also United States v. Kaczynski*, 416 F.3d 971, 974 (9th Cir. 2005) ("[T]he government has the burden of showing that it has a legitimate reason to retain the property." (quotation marks omitted)); *Ramsden v. United States*, 2 F.3d 322, 326 (9th Cir. 1993) (explaining that "reasonableness under all of the circumstances must be the test when a person seeks to obtain the return of property." (internal quotation marks and citation omitted)). The Advisory Committee's Note to Rule 41, to which we give "weight in interpreting the Federal Rules of Criminal Procedure," *United States v. Bainbridge*, 746 F.3d 943, 947 (9th Cir. 2014), confirms the "reasonableness" standard applies to the return of computer files on electronic storage devices, *see* Fed. R. Crim. P. 41, Advisory Committee's Note to 2009 Amendment ("Rule 41(g) . . . provides a process for the 'person aggrieved' to seek an order from the court for a return of the property, including storage media or electronically stored information, under reasonable circumstances."). The simplest way for the government to carry its burden is to prove "the property . . . is contraband or subject to forfeiture." *Martinson*, 809 F.2d at 1369; *see also United States v. Fitzen*, 80 F.3d 387, 389 (9th Cir. 1996) ("It is well-settled that the federal government may defeat a Rule [41(g)] motion by demonstrating that the property is subject to federal forfeiture."). To that end, district courts "must

receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g). The government can therefore carry its burden by submitting evidence that demonstrates the property is contraband or the property falls within the court's forfeiture order. *See, e.g., Harrell*, 530 F.3d at 1056–57. But showing the property is contraband or forfeit is not the only way the government can justify retaining the property; the government can otherwise retain property if it can show a "legitimate reason" for doing so. *See, e.g., Kriesel*, 720 F.3d at 1145–47 (holding that the government's retention of the defendant's blood sample was "reasonable under the circumstances" because the government needed the sample to ensure the accuracy of future DNA identifications).

## B.

Gladding filed his Rule 41(g) motion after he pleaded guilty and the government no longer needed his property as evidence. The burden of proof was therefore on the government. *Kriesel*, 720 F.3d at 1144. The district court did not expressly state whether Gladding or the government had the burden of proof on the motion. However, the parties impliedly concede the court put the burden on Gladding. And the district court's brief analysis denying Gladding's motion sheds light as to whom the district court thought should bear the burden of proof. The district court denied Gladding's motion because it was "satisfied" by the government's "representations" that it is "almost impossible to separate [the noncontraband files] out." But representations are not evidence, unless adopted by the opponent. The government failed to submit any evidence of the difficulty and cost of segregating Gladding's data, which it claimed was a "legitimate reason" for retention of the noncontraband files.

For that reason, the government could not have carried its burden of proof had the district court correctly placed it on the government. The district court's decision not to put the burden of proof on the government was legal error. We remand for the court to apply the correct burden in the first instance. *See Martinson*, 809 F.2d at 1370.

We think it may be helpful to provide the district court guidance on remand, as we have not articulated the contours of a Rule 41(g) motion in the context of intermingled computer files. At oral argument, the government narrowed the issues to be considered in this case by admitting the files Gladding seeks are neither contraband nor subject to forfeiture. In the government's view, the district court's forfeiture order did not cover Gladding's noncontraband files even though those files were intermingled with files containing child pornography.[1] As some files are neither

---

[1] This type of forfeiture order is uncommon according to the government. The government contends that, in the normal course, a defendant forfeits all the files on an electronic storage device when it forfeits the device itself, whether those files are contraband or not. We do not express an opinion on the validity of the district court's order requiring Gladding to forfeit only contraband files. Nor do we preclude the district court from amending its forfeiture order on remand to include the noncontraband files that Gladding seeks in his motion to the extent permitted by law.

Moreover, to the extent the government argues the district court denied Gladding's Rule 41(g) motion because the court found the noncontraband files forfeit under 18 U.S.C. § 2253(a), that argument contradicts the government's admission that noncontraband files were not subject to the forfeiture order. Admittedly, the transcript of the district court's decision can be read as denying Gladding's Rule 41(g) motion because the court found the noncontraband files were forfeited property under 18 U.S.C. § 2253(a). But the district court's prior forfeiture order by its terms excluded those files, instead stating the "Preliminary Order of

contraband nor forfeit, the government can retain the noncontraband files only if the government shows a "legitimate reason" for doing so "that is reasonable under all of the circumstances." *Kriesel*, 720 F.3d at 1144.

We have noted the "spirit of [Rule 41(g)] is one of compromise" that "recognizes that reasonable accommodations might protect both the law enforcement interests of the United States and the property rights of property owners." *Ramsden*, 2 F.3d at 327 (quoting Fed. R. Crim. P. 41, Advisory Committee's Note to 1989 Amendment). The government's primary objection to returning Gladding's noncontraband files is the cost of segregating those files from the files containing child pornography. The Advisory Committee's Note to Rule 41 confirms the difficulties posed by electronic data in this context: "A substantial amount of time can be involved in the forensic imaging and review of information. This is due to the sheer size of the storage capacity of media, difficulties created by encryption and booby traps, and the workload of the computer labs." Fed. R. Crim. P. 41, Advisory Committee's Note to 2009 Amendment. The difficulty and cost of segregating the data can therefore be a "legitimate reason" for the government to retain Gladding's property. If the parties dispute the cost of segregating data, they should submit supporting evidence and the district court may hold an evidentiary hearing to resolve that dispute. The district court should deny Gladding's motion if the government has carried its burden of proof by producing evidence which preponderates to show the government's cost concerns are

Forfeiture is made final as to contraband items only." The district court did not later amend that order to include noncontraband items, such as the computer files Gladding now seeks.

"reasonable under all of the circumstances." *See Kriesel*, 720 F.3d at 1144.

The district court may also order alternative measures for returning Gladding's noncontraband files other than forcing the government to pay for segregating the data itself. *See, e.g.*, *Ramsden*, 2 F.3d at 327 (ordering the government to return documents but permitting the government to retain copies). For example, the district court can require Gladding to pay the costs of segregation by having his expert review the electronic storage devices and copy the noncontraband files to the extent otherwise permitted by law. Indeed, Gladding already had an expert review the storage devices while this appeal was pending. The district court may decide to order the government to provide a printed directory of the electronic storage devices. A directory could assist Gladding in better identifying which files he wants returned or which folders potentially contain noncontraband material. Such a remedy may have the effect of substantially reducing the government's costs in identifying noncontraband files to return to Gladding. And counsel for Gladding suggested at oral argument that a printed directory would go a long way toward resolving this dispute.[2] We of course do not mean to require the district court to adopt any or all of our suggestions; nor do we mean to preclude the district court from ordering other remedies. In cases such as this, the

---

[2]   The government argues that providing Gladding with a printed directory would only delay the cost to the government. The government suggests Gladding could use that list to identify thousands of folders and files that Gladding believed were noncontraband, and the government would be required to open those folders and files to examine their contents before turning them over to Gladding. Nothing prevents the government from seeking relief from the district court should Gladding identify a burdensome number of files as potentially noncontraband.

district court is in the best position to fashion a remedy, "taking into account the time needed to image and search the data and any prejudice to the aggrieved party." Fed. R. Crim. P. 41, Advisory Committee's Note to 2009 Amendment.

### III.

The district court's order denying Gladding's Rule 41(g) motion is reversed and remanded for proceedings consistent with this opinion.

**REVERSED AND REMANDED.**