**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JOHN BROSNAN,<br><br>Defendant-Appellant. | Nos.  15-10575<br>        16-10229<br><br>D.C. No. 3:10-cr-00068-WHA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted January 18, 2017[**]

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

   In these consolidated appeals, John Brosnan appeals pro se the district

court's orders denying his motions to compel the return of certain property.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

denial of a motion for return of property under Federal Rule of Criminal Procedure

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

41(g), and the court's underlying factual findings for clear error. *See United States v. Gladding*, 775 F.3d 1149, 1151-52 (9th Cir. 2014). We affirm.

The district court did not err in denying Brosnan's motions because Brosnan failed to demonstrate that the government retained possession of any of his property. In fact, Brosnan appears to concede on appeal that he possesses all of the disputed property. To the extent that Brosnan maintains that some property is missing, the district court did not clearly err in rejecting that contention, in light of the evidence submitted by the government, Brosnan's failure to submit a sworn declaration attesting to the missing evidence, Brosnan's history with the court, and his behavior when he met with FBI agents to retrieve his property. Brosnan's suggestion that the government was required to image the computers and computer data that Brosnan now has in his possession is unsupported by any legal basis. Finally, to the extent Brosnan contends that the government violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), by deleting computer data, or otherwise denied him a fair trial, such claims are not cognizable in a motion to compel the return of property. *See Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000) ("In general, [28 U.S.C.] § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention.").

**AFFIRMED.**

15-10575 & 16-10229