NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-35112 |
| Plaintiff-Appellee, | D.C. Nos. 1:12-cv-00646-EJL |
| v. | 1:07-cr-00255-EJL |
| DANIEL MITCHELL DAVIS, a.k.a. Daniel M. Davis, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted January 15, 2019**

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Federal prisoner Daniel Mitchell Davis appeals pro se from the district

court's orders denying his motion for return of property under Federal Rule of

Criminal Procedure 41(g) and his motion for reconsideration. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo the district court's denial of a motion for return of property under Rule 41(g). *See United States v. Gladding*, 775 F.3d 1149, 1151-52 (9th Cir. 2014). The district court properly denied Davis's request for money damages for forfeited property that had been destroyed. *See Ordonez v. United States*, 680 F.3d 1135, 1140 (9th Cir. 2012) ("[E]ven when it results in a wrong without a remedy, the federal courts are without jurisdiction to award money damages against the government under Rule 41(g) until Congress tells [the court] otherwise."). However, based on the government's incomprehensible general response in the district court and on appeal, we are unable to determine the merits of Davis's appeal as to the Zenith Monitor and HP Pavilion computer, which the government indicated were still in its possession, and remand to the district court for further consideration on these items.[1] In light of this disposition, we do not reach Davis's argument that he is entitled to compensation under the Fifth Amendment for the government's use of those items.

The district court did not abuse its discretion by denying Davis's motion for reconsideration as to the destroyed property because Davis presented no proper

---

[1] The district court properly denied Davis's motion to return the remaining items of property in light of the government's explanation that it was retaining the property in connection with Davis's pending habeas corpus proceedings under 28 U.S.C. § 2255. *See Gladding*, 775 F.3d at 1152. Because Davis's § 2255 proceedings have concluded, the government has agreed to return these items of property (miscellaneous papers, HP mouse and keyboard) to Davis.

basis for reconsideration. *See School Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (stating abuse of discretion standard and explaining when reconsideration is appropriate).

**AFFIRMED in part, VACATED in part, REMANDED.**