COURT OF APPEALS
DECISION
DATED AND FILED

October 19, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.        **2019AP1905**

STATE OF WISCONSIN

Cir. Ct. No.  2017CF774

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

MCKINLEY E. PYE,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Sheboygan County: KENT R. HOFFMANN, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. McKinley E. Pye, pro se, appeals an order granting in part and denying in part his petition for return of property, pursuant to WIS. STAT. § 968.20 (2015-16),[1] and denying his motion for reconsideration. Pye claims that the circuit court erred when it ordered the return of Pye's electronic devices after they had been wiped clean of all data at Pye's expense because: (1) the noncontraband data on the devices is returnable property; (2) the State did not provide a legitimate reason for retaining the noncontraband data; and (3) the circuit court did not weigh the cost of the motion for return of property against the cost of wiping the devices. We affirm.

## BACKGROUND

¶2 On December 4, 2017, Pye was charged with five counts of possession of child pornography, contrary to WIS. STAT. § 948.12(1m). According to the complaint, Pye admitted to special agents, including Special Agent Chad Racine of the Wisconsin Department of Justice, Division of Criminal Investigation, that Pye downloaded, viewed, and possessed digital files showing females in a sexual nature who were obviously under the age of eighteen. Pye estimated that "[t]hrough the years" he had viewed "hundreds of non-adult pornographic content, which was determined through the context of the conversation to be various forms of child exploitation material."

¶3 Pye pled no contest to one count of possession of child pornography, and the remaining counts were dismissed and read in at sentencing. At Pye's

---

[1] WISCONSIN STAT. § 968.20 was amended after Pye was charged. *See* 2017 Wis. Act 211, § 30 (eff. Apr. 5, 2018). This amendment does not apply to Pye's case. Accordingly, the relevant version of § 968.20 is the 2015-16 version of the Wisconsin Statutes. All other references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

2

sentencing hearing, the district attorney told the circuit court that Special Agent Racine reported recovering hundreds of files featuring clothed prepubescent girls and very early pubescent female children. Specifically, Racine identified fifteen contraband files that included twelve image files and three video files showing children engaged in sexually explicit conduct. According to the district attorney, Racine reported that the data retrieved generally showed child pornography activity that ranged from January 2004 through August 2017. This activity included "countless child pornography related terminology, search terms, URLs, and titles." The circuit court sentenced Pye to ten years in prison, with four years of initial confinement and six years of extended supervision.

¶4 After Pye was sentenced, the district attorney addressed Pye's request for the return of his electronic devices. The district attorney explained the procedure as it was outlined in an October 15, 2018 email from Special Agent Racine. Racine told the district attorney that Pye could get his electronic devices back if the devices underwent a forensic wiping process. Racine told the district attorney that "[t]he wiping process is pricey (about $60 per hour) and therefore, most elect to have the items destroyed instead." Racine further explained that photo extractions fall under the wiping fee, but are "only done if practical as it's a time consuming process." The district attorney told Pye's attorney to work with Racine for the return of the electronic devices, stating "we're willing to provide the items if they are wiped clean and defense can make a determination of how they would like to proceed."

¶5 In a November 6, 2018 email, Racine further described to Pye's attorney how the wiping process would work. Racine explained that his agency could wipe Pye's hard drives so that the data is "impossible to recover[,]" but that it did not perform "specific illegal/contraband image wiping[.]" Racine told Pye

3

in a subsequent communication that if Pye did not file a motion for the return of his electronic devices under WIS. STAT. § 968.20, the devices would be destroyed.

¶6    On June 14, 2019, Pye, pro se, moved for the return of property under WIS. STAT. § 968.20.  At a hearing on the motion, the district attorney and Pye stipulated to several facts related to the seized evidence:  (1) police officers seized several electronic devices; some of the devices contained child pornography, and some did not; (2) the State was willing to return the items that did not contain child pornography; (3) any items that did contain child pornography could only be returned after they were "wiped clear, which means all data is erased from them"; (4) Pye sought the return of files that were family photographs and documents and items that were not child pornography; and (5) the State's position was that "those items are contraband and should not be returned."

¶7    The district attorney then identified three devices that could be returned after being wiped:  a Samsung Tablet, a Kingston SSD associated with a Toshiba Satellite laptop, and a Seagate Momentus hard drive associated with an HP MediaSmart laptop ("devices").  Pye agreed that these were the devices he wanted returned.  Pye had no objection to the Samsung Tablet being wiped, but objected to wiping the data on the Kingston SSD and Seagate Momentus hard drive because they contained "digital property … represent[ing] a significant portion of not only my personal life [and] photos … but also my business life,

4

contacts, work history, [and] 20 years of data that cannot easily be replaced."[2] When asked by the circuit court, Pye agreed that child pornography was found on the Kingston SSD and Seagate Momentus hard drive.

¶8    The district attorney argued that the devices were contraband under WIS. STAT. § 968.13(1)(a) and *Jones v. State*, 226 Wis. 2d 565, 590-91, 594 N.W.2d 738 (1999), because Pye used them to look for or otherwise store child pornography.  The district attorney explained that the wiping process was necessary "to ensure that there are no images or fragments or remnants of images that are illegal to be returned to him."  The district attorney pointed out that as a "practical consideration" it would take "hours and hours" for an analyst to "go through [and] identify those that are not illegal images, save them to a separate medium[,] and return them[.]"  The district attorney concluded by asking the circuit court to declare the devices contraband and allow them to be destroyed or, in the alternative, wiped at Pye's expense and returned with no content.

¶9    Pye responded that the data on the devices was property and that he was entitled to the return of the data that was not illegal.  Pye also told the circuit court that the property was not needed as evidence based on a letter he received from Special Agent Racine.

¶10    The circuit court granted Pye's motion in part and denied Pye's motion in part.  The circuit court began its oral ruling by noting that there was no

---

[2] Later in the hearing, Pye told the circuit court that he wanted the data from three devices without specifying which devices.  On appeal, Pye references "three seized contraband devices[,]" but does not specifically identify them.  For the purposes of this appeal, we assume Pye is referring to the Samsung Tablet, Kingston SSD associated with the Toshiba Satellite laptop, and Seagate Momentus hard drive associated with the HP MediaSmart laptop when he refers to the "devices."

dispute that the devices contained child pornography. It determined that the State proved by the greater weight of the credible evidence that the devices were contraband, as defined by WIS. STAT. § 968.13(1)(a) and ***Jones***, because Pye used the devices to obtain and/or possess child pornography. *See **Jones***, 226 Wis. 2d at 590-91. The circuit court also determined that Pye chose to comingle child pornography with other data on the devices and, for public policy reasons, would not order their return unless they were completely wiped:

> It would be unfair -- in light of him being the one who co-mingled the child pornography with whatever else was on these devices, it would be unfair to have the taxpayers or the law enforcement to pay for that and that could be done at the defendant's own expense if he chooses to.

The circuit court gave Pye 120 days to decide whether Pye wanted to pay to have the devices wiped before they were returned.

¶11 Pye moved for reconsideration, arguing that the noncontraband data on the devices was returnable property and that the State did not prove that the time involved to retrieve the noncontraband data was a legitimate reason for retaining it. *See **United States v. Gladding***, 775 F.3d 1149, 1152 (9th Cir. 2014) (government must show legitimate reason for retention of property). The circuit court denied Pye's motion, determining that it did not make a manifest error of law, and there was no additional evidence presented that was unavailable at the earlier hearing. In doing so, the circuit court reaffirmed its ruling that the devices were contraband: "[T]he entirety of the devices is the contraband. The devices themselves are the contraband as they were used to either obtain and/or store child pornography and therefore they were used directly in the commission of a crime and therefore by definition are contraband."

**DISCUSSION**

¶12    On appeal, Pye seeks the return of the noncontraband data on the devices.  Pye argues that the circuit court erred when it ordered the computers be wiped at Pye's expense for three main reasons:  (1) the noncontraband data are returnable property that should be evaluated separately from the child pornography; (2) the State did not provide a legitimate reason for retaining the noncontraband data; and (3) the circuit court did not weigh the cost of the motion and hearings on the return of the devices against the cost of wiping the devices. We address each argument in turn.

A.    *Return of Property*

¶13    WISCONSIN STAT. § 968.20(1) permits a person whose property has been seized by law enforcement to seek return of the property in the circuit court.[3]

_____

[3] WISCONSIN STAT. § 968.20 (2015-16) provides:

> **(1)** Any person claiming the right to possession of property seized pursuant to a search warrant or seized without a search warrant, except for an animal taken into custody under s. 173.13 (1) or withheld from its owner under s. 173.21 (1) (a), may apply for its return to the circuit court for the county in which the property was seized or where the search warrant was returned, except that a court may commence a hearing, on its own initiative, to return property seized under s. 968.26.

> **(1g)** The court shall order such notice as it deems adequate to be given the district attorney and, unless notice was provided under s. 968.26 (7), to all persons who have or may have an interest in the property.  The court shall hold a hearing to hear all claims to its true ownership.  If the right to possession is proved to the court's satisfaction, it shall order the property, other than contraband or property covered under sub. (1m) or (1r) or s. 173.21 (4) or 968.205, returned if:

(continued)

*See Jones*, 226 Wis. 2d at 586-87. Pursuant to this statute, the circuit court shall order the return of the property if the person seeking return has a right to possession of the property, the property is not contraband, and the property is not needed as evidence. *Id.* Property is contraband under § 968.20 if it falls within the definition of contraband in WIS. STAT. § 968.13(1)(a). *See Jones*, 226 Wis. 2d at 587. Under § 968.13(1)(a), contraband "includes without limitation because of enumeration … lewd, obscene or indecent written matter, pictures, sound recordings or motion picture films[.]" *Id.*

¶14 The State must establish by the greater weight of the credible evidence that the property is contraband. *Jones*, 226 Wis. 2d at 595. Whether the State has met its burden of proof is a question of law that we review without deference to the circuit court. *See id.* at 596. We accept the circuit court's findings of the credibility of the witnesses and the weight to be given to their testimony unless they are clearly erroneous. *Id.* at 596, 598.

¶15 Pye claims that the State offered no authority for its policy of declining to return the noncontraband data. He argues that when contraband and noncontraband property, such as data on a computer, are comingled, the property should be evaluated individually to determine which property can be returned. Similarly, Pye claims that the devices are derivative contraband that should be analyzed separately from the child pornography. Based on these rationales, Pye

---

**(a)** The property is not needed as evidence or, if needed, satisfactory arrangements can be made for its return for subsequent use as evidence; or

**(b)** All proceedings and investigations in which it might be required have been completed.

contends that he is entitled to the return of the noncontraband data on the devices.[4] This argument fails for two reasons.

¶16     First, under WIS. STAT. § 968.13(1)(a) and *Jones*, contraband property is not limited to materials that are per se illegal. *Jones*, 226 Wis. 2d at 590.    Contraband also includes property which has been found to have a significant connection to items which are illegal to possess. *Id.* at 596.  As *Jones* explained, "[b]ecause [§ 968.13(1)(a)] expressly covers items 'without limitation by enumeration,' contraband cannot reasonably be read as limited to the class, type or nature of the items listed in subsec[tion] (a)." *Jones*, 226 Wis. 2d at 588. Therefore, contraband is not limited to items that are per se illegal to possess, but also includes "legal items which are put to an illegal use or acquired illicitly." *Id.* at 591.

¶17     In this case, Pye does not dispute that the devices contained child pornography.  Thus, although the devices were not per se illegal to possess, they nonetheless constituted contraband because they were "put to an illegal use" when they were used to access or possess child pornography contrary to WIS. STAT. § 948.12(1m).  *See Jones*, 226 Wis. 2d at 591.  Accordingly, under WIS. STAT. § 968.13(1)(a) and *Jones*, Pye is not entitled to the return of the devices, which necessarily includes all noncontraband data the devices may contain.

¶18     Second, when contraband and noncontraband data are comingled on a device, the State is not required to return the noncontraband data. *See United*

---

[4] Pye also contends that the noncontraband data is actionable property under WIS. STAT. §§ 943.70(1)(h) and 711.03(10).  The State does not dispute this assertion on appeal.  Therefore, for the purposes of this appeal, we assume Pye has an interest in the noncontraband data that he would like returned.

*States v. Wernick*, 148 F. Supp. 3d 271, 275-76 (E.D.N.Y. 2015) (noncontraband data intertwined with contraband counterparts is forfeitable as "part and parcel of the property used to commit the crime"); *State v. Kremer*, 907 N.W.2d 403, 407 (N.D. 2018) (property subject to forfeiture "includes noncontraband computer files as well as contraband computer files contained on an electronic device"). Pye does not dispute the circuit court's determination that Pye comingled child pornography with noncontraband data on the devices. Accordingly, the noncontraband data is forfeited as "part and parcel" of the property Pye used to commit the crime. *See Wernick*, 148 F. Supp. 3d at 276.

¶19    The circuit court's determination that the devices could not be returned to Pye unless they were wiped is consistent with the challenges and expense associated with attempting to locate and delete digital evidence on computers. *See, e.g.*, *State v. Gralinski*, 2007 WI App 233, ¶31, 306 Wis. 2d 101, 743 N.W.2d 448 (images of child pornography can remain on computer hard drive even if deleted); *State v. Schroeder*, 2000 WI App 128, ¶15, 237 Wis. 2d 575, 613 N.W.2d 911 ("When searching computer files, investigators necessarily must look at all files and not just those with names suggestive of criminal activity, as 'few people keep documents of their criminal transactions in a folder marked [crime] records.'" (citations omitted)). The cost and difficulty of attempting to locate and delete the child pornography on Pye's devices are borne out by the undisputed evidence in this case:

- According to the criminal complaint, Pye told the police that "[t]hrough the years, Pye estimated to viewing hundreds of non-adult pornographic content, which was determined through the context of the conversation to be various forms of child exploitation material."

10

- According to Special Agent Racine's report presented at sentencing, a search of Pye's devices resulted in the recovery of hundreds of files featuring clothed prepubescent girls and very early pubescent female children. This included fifteen contraband files containing twelve image files and three video files depicting children in sexually explicit conduct.

- Racine's report stated that the data retrieved generally showed child pornography activity that ranged from January 2004 through August 2017. According to the report, a search of Pye's computers revealed "countless child pornography related terminology, search terms, URLs, and titles."

- In the October 15, 2018 email, Racine told Pye's lawyer that "[t]he wiping process is pricey (about $60 per hour) and therefore, most elect to have the items destroyed instead." Racine further explained that photo extractions fall under the wiping fee, but are "only done if practical as it's a time consuming process."

Accordingly, based on the Record and case law, Pye is not entitled to the return of the noncontraband data on the devices. The noncontraband data was comingled with child pornography on the devices, which themselves were contraband because they were "put to an illegal use" when they were used to access or possess child pornography. *See* *Jones*, 226 Wis. 2d at 591. *Jones* is clear that if the property is contraband, it "need never be returned." *Id.* at 587.

B. *Legitimate Reason Test*

¶20 Next, Pye relies on ***Gladding***, 775 F.3d 1149, to argue that the State did not present a legitimate reason for retaining the noncontraband data. ***Gladding*** explained that under FED. R. CRIM. P. 41(g), property should presumptively be returned unless there is a "legitimate reason" for its retention. ***Gladding***, 775 F.3d at 1152 (citation omitted). Pye thus claims that the State failed to meet its burden of producing evidence demonstrating the time and cost associated with returning the noncontraband data. This claim fails because Pye did not raise the legitimate reason test until his motion for reconsideration.

¶21 To prevail on a motion for reconsideration, the movant must present either newly discovered evidence or establish a manifest error of law or fact. ***Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.***, 2004 WI App 129, ¶44, 275 Wis. 2d 397, 685 N.W.2d 853. As we have seen, the circuit court determined that Pye's motion for reconsideration failed on both grounds. This was not an erroneous exercise of discretion. *See id.*, ¶6 (circuit court's decision on a motion for reconsideration reviewed for erroneous exercise of discretion).

¶22 Pye failed to show that the circuit court's decision was based on a manifest error of law or fact. "A 'manifest error' is not demonstrated by the disappointment of the losing party." *Id.*, ¶44 (citation omitted). Rather, "[i]t is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (citation omitted). As we have seen, when denying Pye's motion for reconsideration, the circuit court reaffirmed its ruling that the devices were contraband as defined by WIS. STAT. § 968.13(1)(a) and ***Jones***. Pye's motion did

12

not demonstrate that the circuit court disregarded, misapplied, or failed to recognize controlling precedent.

¶23 Pye also failed to show newly discovered evidence. A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier. *Koepsell's*, 275 Wis. 2d 397, ¶46. In this case, Pye does not explain why the legitimate reason test in *Gladding* was unknown when he filed his initial motion for the return of property. *See Koepsell's*, 275 Wis. 2d 397, ¶46. Rather, he asks this court for leniency because he brought the initial motion for return of property pro se. While we grant pro se litigants a degree of leeway in presenting their arguments, we generally require even those litigants afforded leeway by virtue of their pro se status to present to the circuit court all arguments discoverable "with reasonable diligence." *State ex rel. Wren v. Richardson*, 2019 WI 110, ¶25, 389 Wis. 2d 516, 936 N.W.2d 587. Pye was given every reasonable opportunity to present his case to the circuit court in his original motion. Accordingly, we will not decide issues Pye originally chose not to pursue.

C.     *Cost of Motion to Return Property*

¶24 Finally, Pye contends that the circuit court should have weighed the cost of the motion and hearings on the return of the devices against the cost of wiping the devices. He argues that, given the time and resources spent on the motion and hearings for the return of the devices, it would have been "a more 'fair' expense to the taxpayers … to simply have the [S]tate incur the cost for retrieving the data and/or wiping the devices." Pye has not provided any legal authority, however, to support this argument. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("Arguments unsupported by references to

legal authority will not be considered."). Accordingly, we decline to address it further.[5]

> *By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5 (2019-20).

---

[5] In his Reply brief on appeal, Pye again points to his pro se status as the reason why he did not initially provide this court with any legal authority. Pye then cites to WIS. STAT. § 801.01 and *State ex rel. Rilla v. Circuit Court for Dodge County*, 76 Wis. 2d 429, 251 N.W.2d 476 (1977), to support his argument that the court should have considered the potential cost to the taxpayers. Pye does not explain why, through reasonable diligence, he could not have discovered these sources and cited to them in his initial brief on appeal. *See State ex rel. Wren v. Richardson*, 2019 WI 110, ¶25, 389 Wis. 2d 516, 936 N.W.2d 587. Accordingly, we decline to address this argument further. *See id.*; *A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 492-93, 588 N.W.2d 285 (Ct. App. 1998) (appellate court will not address arguments raised for the first time in reply brief).