NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 22 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FEDERAL INSURANCE COMPANY, c/o
ASO CG Technology Holdings
LLC; BRIAN WRIGHT,

Interested Parties - Appellees.

No. 23-438

D.C. No.
2:14-cr-00357-APG-VCF-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted April 17, 2024[**]

Before: McKEOWN, W. FLETCHER, and BYBEE, Circuit Judges.

This appeal arises out of extended litigation surrounding the seizure of $40,000 in cash from under Brian Wright's mattress in 2017. After an evidentiary hearing on a prior Rule 41(g) motion brought by Wright for return of the money, the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court found by a preponderance of the evidence that Silverton Casino was the proper owner of the money, and we affirmed. *See United States v. Wright*, 49 F.4th 1221, 1226–27 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 823 (2023). On remand, Federal Insurance Company ("Federal"), Silverton's subrogee, brought its own Rule 41(g) motion for return of the $40,000. The district court granted that motion, and Wright again appealed. Because Federal is a proper movant under Rule 41(g) and the district court did not abuse its discretion in exercising equitable jurisdiction over Federal's motion, we affirm.

Under Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). Wright argues that Federal, being an entity and not a natural person, is not a "person aggrieved" under the Rule. We review de novo this legal issue. *Wright*, 49 F.4th at 1225.

When we interpret the word "person" in the statutory context, we generally conclude that the word's plain meaning includes entities unless the context of the specific statute or rule indicates otherwise. *See, e.g., Confederated Tribes and Bands of the Yakima Indian Nation v. Alcohol & Tobacco Tax & Trade Bureau*, 843 F.3d 810, 813 (9th Cir. 2016) ("'When a word is not defined by statute, we normally construe it in accord with its ordinary or natural meaning.' . . . Accordingly, relying on the ordinary meaning of the word, the term 'person' in [the Internal Revenue

Code] covers entities . . . ." (quoting *Smith v. United States*, 508 U.S. 223, 228 (1993))); *see also* 1 U.S.C. § 1 ("[U]nless the context indicates otherwise . . . the words 'person' and 'whoever' include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals."). Thus, we reject Wright's argument that the "plain meaning" of "person" encompasses only natural persons.

We next turn to the context of Rule 41(g) to determine if "person aggrieved" is intended to include entities like Federal as well as individuals. Rule 41(g) "is concerned with those whose property or privacy interests are impaired by the seizure" of their property for law enforcement purposes. *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1173 (9th Cir. 2010) (en banc) (per curiam), *overruled in part on other grounds as recognized by Demaree v. Pederson*, 887 F.3d 870, 876 (9th Cir. 2018) (per curiam); *see also United States v. Gladding*, 775 F.3d 1149, 1153–54 (9th Cir. 2014) ("[T]he spirit of Rule 41(g) is one of compromise that recognizes that reasonable accommodations might protect both the law enforcement interests of the United States and the property rights of property owners." (cleaned up)). We have previously held that an entity—even one without an ownership interest in the property at issue—can be "aggrieved" by its deprivation and seek its return through Rule 41(g). *See Comprehensive Drug Testing*, 621 F.3d at 1173–74 (holding that the MLB Players Association was

3

entitled to bring a Rule 41(g) motion for return of the urine samples of its member players). Because property-owning entities like Federal can be injured by government seizure—just like property-owning individuals—Wright's reading of Rule 41(g) is incompatible with its context and purpose. Accordingly, Federal was entitled to bring a Rule 41(g) motion for return of its property.

Finally, Wright contends that the district court abused its discretion by exercising equitable jurisdiction over Federal's motion. The district court held that, because the evidentiary hearing concluded that the $40,000 recovered from Wright belonged to Federal, Federal "clearly has an interest in and need for the stolen money." And the district court reasoned that while the government had not disregarded Federal's constitutional rights, it does not intend to conduct a forfeiture proceeding to determine who gets the money—thus, Federal has no remedy at law for return of its stolen property except for a motion under Rule 41(g).

In *Ramsden v. United States*, we set out four factors that govern whether it is appropriate for a court to exercise its civil equitable jurisdiction when a Rule 41(g) motion is raised in the absence of pending criminal proceedings. *See Ramsden v. United States*, 2 F.3d 322, 324–25 (9th Cir. 1993). They are:

> 1) [W]hether the Government displayed a callous disregard for the constitutional rights of the movant; 2) whether the movant has an individual interest in and need for the property he wants returned; 3) whether the movant would be irreparably injured by denying return of

4

the property; and 4) whether the movant has an adequate remedy at law for the redress of his grievance.

*Id.* at 325.

The district court need only "balance" the *Ramsden* factors, not determine that all factors point toward the movant. *Comprehensive Drug Testing*, 621 F.3d at 1173. The district court found that the government did not show callous disregard for Federal's constitutional rights. And while an economic injury like Federal's generally "does not support a finding of irreparable harm," that is because, typically, such an injury can be remedied by other means, such as a damage award. *Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991). Here, the only other adequate remedy at law available to Federal is a forfeiture proceeding, and the government has indicated it will not—indeed, it believes it cannot—initiate such a proceeding. Accordingly, Federal had no other adequate remedy at law for return of its property, and the district court did not abuse its discretion when it exercised equitable jurisdiction over Federal's motion.

**AFFIRMED.**